October 28, 2014

Governing Board Member, Dana F. Saar
Governing Board Member Doyle Burke
Governing Board Member Alfredo Gutierrez
Governing Board Member Randolph Elias Lumm
Governing Board Member Debra Pearson

Dear Governing Board Members,

On August 13, 2014 I emailed you a grievance. As of today I have heard nothing in response. According to the RFP, grievances at your level need to be responded to within 30 days of receipt. I request that the matter of my suspension be an Executive Session item at the next meeting of the Governing Board.

The reason I am pursuing this matter is that it is the most recent example of the conduct that I have been experiencing since 2009.

In August 2013, the Phoenix College administration attempted to terminate me for copyright violation, cash-handling violation, and insubordination. I appealed pursuant to the Residential Faculty Policies (RFP). In December 2013, the MCCCD internal Termination Hearing Committee found that MCCCD had not met its burden of proof with respect to copyright violation and cash-handling violation and recommended that I not be terminated. The Chancellor then suspended me in March 2013 without pay for over 14 months for my alleged insubordination.

In May 2014 I applied for unemployment compensation. MCCCD advised the Department of Economic Security (DES) that I should be denied unemployment compensation benefits because I had walked off the job in anticipation of termination and because I had been suspended for gross misconduct. Initially the DES denied my claim but on appeal, the DES Administrative Law Judge decided in my favor. Among other things the Administrative Law Judge wrote in his decision that
(1) I "did not sell the documents or otherwise make a profit," (2) the order to return the money to the students was not reasonable, (3) that I was discharged not suspended as contended by MCCCD, and (4) I was not discharged "for willful or negligent misconduct."

Consequently, MCCCD's claims of copyright violation, cash-handling violation, and insubordination have **not** been substantiated by either independent reviewing authority (i.e., MCCCD's own internal Termination Hearing Committee or the DES Administrative Law Judge).

In order to right this wrong, in July 2014 I attempted to follow the grievance process which requires that I first present the grievance to the Vice President of Academic Affairs (VPAA). The VPAA secretary advised that I could only speak to Human Resources (HR) about the grievance. HR told me I could not file while I was suspended although I could file the grievance upon my return in August 2015, some 12 months away. On August 13, 2014, I submitted my grievance to the Vice Chancellor for Human Resources, the Chancellor, and the Governing Board members. No one has responded.

There are **no** substantiated claims against me but I remain suspended without pay. My grievance has not been addressed. The Governing Board is the final decision maker in the District. I respectfully request that the Board immediately make me whole by reinstating me to my former position with back pay to the day I was suspended, reimbursing me for attorney fees and costs, and pay me the dollar value

of any and all other benefits I lost as a result of this prejudicial, damaging "suspension." Finally, I request that the Chancellor's dictatorial authority to suspend employees without cause, without pay, and without due process for any length of time be eradicated and a policy be written to include guidelines, process, checks and balances. Paying lawyers to continue pursuing an administrative abuse of power is not what MCCCD should represent. This type of irresponsible fiduciary behavior must be eliminated.

Respectfully,

*Cleopatria Martinez*

Cleopatria Martinez, PhD
Professor of Mathematics