To:     Vice Chancellor for Human Resources Lacoya Shelton-Johnson
        Chancellor Rufus Glasper
        Governing Board Member Doyle Burke
        Governing Board Member Alfredo Gutierrez
        Governing Board Member Randolph Elias Lumm
        Governing Board Member Debra Pearson
        Governing Board Member Dana F. Saar

From:   Cleopatria Martinez

Date:   August 13, 2014

Subject: Grievance

This email will serve as my formal grievance for a misapplication, misinterpretation, or violation of a specific provision(s) of the *Residential Faculty Policies* that adversely affects me. RFP sections 3.*11* (Suspension of a Faculty Member), 3.2.4 (financial interest from a sale) or (sale of unpublished instructional material), 3.13 (Faculty Member Dismissal), 6.1 (Grievance Procedure: 6.1.1.1 Informal Level; 6.1.2.5 Level 5 Governing Board), have been misapplied, misinterpreted, or violated as well as MCCCD AR 1.12 (Sale of Products or Services), AR 1.12.2 (Authorization) AR 1.12.3 (Fees), and AR 1.17 (cash handling), AR 3.2.5 (copyright infringement). I seek review of this matter.

**Timeline**
I was hired as a mathematics instructor at MCCCD in 1985, 29 years ago. In August 2013 Chancellor Glasper sent me a letter of intent to dismiss me from my employment. I appealed and prevailed on December 9, 2013, when the Termination Hearing Committee recommended I not be terminated. MCCCD changed direction and then sent me a letter explaining I was going to be suspended without pay. I was put on suspension without pay on March 1, 2014, but was notified on March 7. This was later changed to April 14, 2014. On May 1, 2014, I filed for unemployment benefits with DES. I was initially denied. I appealed and got a favorable result as explained below. In July 2014 I tried to file an internal grievance by establishing an appointment with my supervisor, VPAA Kakar, to provide the oral delivery of the grievance as per the grievance procedure (RFP 6.1.1.1) but VPAA Kakar's secretary told me I could not to talk with VPAA Kakar, instead she referred me to District Human Resources Senior Manager, Judy Castellanos. Ms. Castellanos said I could not file the grievance until next year after my suspension ended in August 2015.

**Information and Belief**
After the Termination Hearing Committee submitted their recommendation to the Chancellor, the Chancellor failed to follow procedure outlined in RFP 3.13.8 "…forward the recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendations of the Hearing Committee to the Governing Board." The Governing Board did NOT receive this information. The Chancellor instead of terminating me employed RFP 3.11 (Suspension of a Faculty Member) which action does not involve the Governing Board nor are there any guidelines for implementation. On March 7, 2014, I was notified that I was suspended without pay as of March 1, 2014. This was later changed to April 14, 2014. I am still on suspension without pay or benefits. I filed for unemployment benefits and was initially denied. I appealed the denial and the DES Administrative Law Judge found in my favor.

**Applicable Board Policy**
6.1   Grievance Procedure   6.1.1 "…the grievant shall present the grievance orally to his/her immediate supervisor, citing the specific section of the RFP which has allegedly been misapplied, misinterpreted, or

violated. The purpose of bringing the matter to the attention of the immediate supervisor is to resolve the matter at the lowest level…"
3.13 Faculty Member Dismissal  3.13.8
3.11 Suspension of a Faculty Member   There was no sale. **(See page 2 of the Decision of Appeal Tribunal.)**

**Argument**
The Chancellor had no option but to forward the Hearing Committee's "recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendations of the Hearing Committee to the Governing Board."
The Governing Board should have reviewed the termination documents but they did not receive this information.
I have spent a lot of money hiring an attorney to assist me with my termination defense.
When the Chancellor could not terminate me, he suspended me without pay for such a long time that it is tantamount to termination.
The Chancellor's grounds for suspension are not supported by facts as stated **on pages 2 and 6 of the Decision of Appeal Tribunal.**
The DES Administrative Law Judge found pursuant to their regulations that "a suspension beyond 16 or more of the employer's workdays is a suspension for an unreasonable period of time. The suspension amounted to a constructive discharge. The Administrative Law Judge concluded the following:

*"The claimant photocopied documents for her students and asked that the students compensate her for the copies. The students had the opportunity to copy the documents on their own but asked the claimant to do the copying for them. The claimant did not sell the documents or otherwise make a profit."*

*"The claimant was suspended for insubordination. The claimant was ordered to return money for photocopies to her students and did not do so. The basis for insubordination is whether or not the instruction to return the money was reasonable. The employer's own fact-finding did not find evidence to show that the claimant violated the cash-handling policy. The claimant would also bear the burden of the cost of the photocopies. Because the employer did not find a violation of the cash-handling policies, the order/instruction to return the money to the students was not reasonable. The claimant was not insubordinate for refusing.*

*Therefore, I conclude that the claimant was discharged, but not for wilful or negligent misconduct connected with the employment."*

The decision of the Administrative Law Judge is consistent with the decision of the Termination Hearing Committee. The Committee *"recommended that the Governing Board deny Phoenix College President Anna Solley's request to terminate Dr. Martinez from her MCCCD employment."* They further recommended that *"Chancellor Glasper place the Hearing Committee's Findings of Fact, Conclusions of Law, and Recommendation, the entire record, exhibits and hearing transcript in a secure room for the Governing Board's and his review."*

I am submitting this grievance because it is my right to grieve "an alleged misapplication, misinterpretation, or violation of a specific provision(s) of the *Residential Faculty Policies* that adversely affects" me.

Respectfully,


Cleopatria Martinez, PhD