Pavneet Singh Uppal, SBN 016805
Shayna H. Balch, SBN 024852
Alanna R. Brook, SBN 028018
FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@laborlawyers.com
sbalch@laborlawyers.com
abrook@laborlawyers.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Cleopatria Martinez,<br><br>       Plaintiff,<br><br>  v.<br><br>Maricopa County Community College District; et al.,<br><br>       Defendants. | No. CV 15-01759-PHX-NVW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT** |

Defendants Maricopa Community College District ("MCCCD") and Rufus Glasper and Debra Glasper (collectively referred to as "Defendants") hereby answer Plaintiff Cleopatria Martinez's ("Plaintiff") Verified Amended Complaint ("Complaint").

## Parties

1.     Responding to the allegations contained within paragraph 1 of the Complaint, upon information and belief Defendants admit that Plaintiff is of Mexican national origin and a resident of Maricopa County, Arizona. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, deny said allegations.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

2.      Responding to the allegations contained within paragraph 2 of the Complaint, Defendants admit that MCCCD is a political subdivision of the State of Arizona. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 2 of the Complaint.

3.      Responding to the allegations contained within paragraph 3 of the Complaint, Defendants admit that Rufus Glasper ("Chancellor Glasper") is and was the Chancellor of MCCCD and acted in that role. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 3 of the Complaint.

**Jurisdiction and Venue**

4.      Responding to the allegations contained within paragraph 4 of the Complaint, Defendants admit that Plaintiff has filed an action under 42 U.S.C. § 1983 *et seq.*

5.      Responding to the allegations contained within paragraph 5 of the Complaint, Defendants admit that this Court has federal jurisdiction under 28 U.S.C. §§ 1331 and 1343(a).

6.      Responding to the allegations contained within paragraph 6 of the Complaint, Defendants admit that venue is proper in this Court.

**General Allegations**

7.      Responding to the allegations contained within paragraph 7 of the Complaint, Defendants admit that MCCCD has employed Plaintiff since January 7, 1985. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 7 of the Complaint.

8.      Responding to the allegations contained within paragraph 8 of the Complaint, Defendants admit that Plaintiff was a continuing status Professor at MCCCD. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 8 of the Complaint.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

9.      Responding to the allegations contained within paragraph 9 of the Complaint, Defendants admit that Chancellor Glasper forwarded the "Statement of Charges" attached as Exhibit B to the Complaint to Plaintiff on or about August 9, 2013. Defendants aver that the Statement of Charges set forth numerous violations by the Plaintiff including her violation of MCCCD's prohibition against a faculty member having a financial interest in or receiving compensation from the sale of unpublished instructional materials and Plaintiff's willful and intentional failure to perform job duties.

10.     Responding to the allegations contained within paragraph 10 of the Complaint, Defendants admit that Chancellor Glasper concurred with the recommendation of MCCCD Interim Vice Chancellor for Human Resources, James Bowers, that *prima facie* cause existed for the Plaintiff's dismissal. Defendants further admit that Plaintiff had been employed with MCCCD for nearly 30 years. Defendants deny Plaintiff's allegation that she had no record of previous discipline and further deny the remaining allegations in paragraph 10 of the Complaint.

11.     Responding to the allegations contained within paragraph 11 of the Complaint, Defendants admit Dr. Martinez exercised her right to appeal pursuant to Residential Faculty Policies ("RFP"), Section 3.15.3. Defendants further aver that Exhibit C to the Complaint speaks for itself and requires no answer. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 11 of the Complaint.

12.     Responding to the allegations contained within paragraph 12 of the Complaint, Defendants admit that a Hearing Committee conducted an evidentiary hearing and considered both testimonial and documentary evidence submitted by Plaintiff and MCCCD. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 12 of the Complaint.

13.     Responding to the allegations contained within paragraph 13 of the Complaint, Defendants admit said allegations insofar as paragraph 13 correctly and

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

completely quotes the Hearing Committee's Findings of Fact attached as Exhibit A to the Complaint. Defendants deny said allegations insofar as they incorrectly or incompletely quote the Hearing Committee's Findings of Fact attached as Exhibit A to the Complaint.

14.     Responding to the allegations contained within paragraph 14 of the Complaint, Defendants admit said allegations insofar as paragraph 14 correctly and completely quotes the Hearing Committee's Conclusions attached as Exhibit A to the Complaint. Defendants deny said allegations insofar as they incorrectly or incompletely quote the Hearing Committee's Conclusions attached as Exhibit A to the Complaint.

15.     Responding to the allegations contained within paragraph 15 of the Complaint, Defendants admit said allegations insofar as paragraph 15 correctly and completely quotes the Hearing Committee's Recommendations attached as Exhibit A to the Complaint. Defendants deny said allegations insofar as they incorrectly or incompletely quote the Hearing Committee's Recommendations attached as Exhibit A to the Complaint.

16.     Responding to the allegations contained within paragraph 16 of the Complaint, Defendants admit that Chancellor Glasper decided to suspend Plaintiff's employment without pay from March 1, 2014 through May 15, 2015. Defendants aver that Chancellor Glasper notified Plaintiff of her suspension by letter dated February 10, 2014, which is attached as Exhibit D to the Complaint. Defendants further aver that as set forth in Chancellor Glasper's letter to Plaintiff dated February 10, 2014, the basis for the suspension included "the unanimous finding of an independent hearing committee that [Plaintiff] willfully violated the district policies set forth in the Statement of Charges…." Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 16 of the Complaint.

17.     Responding to the allegations contained within paragraph 17 of the Complaint, Defendants admit that Chancellor Glasper provided Plaintiff with a Statement of Charges dated February 10, 2014 (which is attached as Exhibit D to the

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

4

Complaint) with respect to her suspension. Defendants aver that in his letter dated February 10, 2014, which accompanied the February 10, 2014 Statement of Charges, Chancellor Glasper explained that the "basis for [the suspension] is the unanimous finding … that [Plaintiff] willfully violated the District's policies set forth in the Statement of Charges …." Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 17 of the Complaint.

18.    Responding to the allegations contained within paragraph 18 of the Complaint, Defendants admit said allegations insofar as paragraph 18 correctly and completely quotes the Notice of Suspension attached as Exhibit D to the Complaint. Defendants deny said allegations insofar as they incorrectly or incompletely quote the Notice of Suspension attached as Exhibit D to the Complaint.

19.    Responding to the allegations contained within paragraph 19 of the Complaint, Defendants deny said allegations. Defendants aver that the Hearing Committee concluded that: (i) Plaintiff "willfully and intentionally failed to follow instructions that were communicated to her when she failed to issue refunds to students as directed by President Solley"; (ii) Plaintiff's testimony before the Hearing Committee constituted and contained her "admission of willful insubordination"; (iii) Plaintiff "violated MCCCD Administrative Regulation 6.7.1 which prohibits the '[w]illful and intentional violation of any … MCCCD administrative regulation that affects the employee's ability to perform his or her job'"; and (iv) Plaintiff "violated MCCCD Administrative Regulation 6.7.3 which prohibits the '[w]illful and intentional failure to perform job duties that have first been communicated to an employee and are within the employee's scope of employment.'"

20.    Responding to the allegations contained within paragraph 20 of the Complaint, Defendants admit said allegations.

21.    Responding to the allegations contained within paragraph 21 of the Complaint, Defendants admit said allegations insofar as paragraph 21 correctly and completely quotes section 3.11 of the Residential Faculty Policy and its subparts.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

5

Defendants deny said allegations insofar as they incorrectly or incompletely quote section 3.11 of the Residential Faculty Policy and its subparts.

22.     Responding to the allegations contained within paragraph 22 of the Complaint, Defendants deny said allegations.

23.     Responding to the allegations contained within paragraph 23 of the Complaint, Defendants admit that section 3.11 of the Residential Faculty Policy is different from section 3.13 of the Residential Faculty Policy. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 23 of the Complaint.

24.     Responding to the allegations contained within paragraph 24 of the Complaint, Defendants deny said allegations.

25.     Responding to the allegations contained within paragraph 25 of the Complaint, said allegations are a conclusion of law which require no answer. To the extent that an answer is required, Defendants deny said allegations.

26.     Responding to the allegations contained within paragraph 26 of the Complaint, Defendants admit said allegations insofar as paragraph 26 correctly and completely quotes section 3.13.8 of the Residential Faculty Policy. Defendants deny the remaining allegations contained within paragraph 26 of the Complaint.

27.     Responding to the allegations contained within paragraph 27 of the Complaint, Defendants deny said allegations and aver that the quoted language contained within paragraph 27 contains an internal ellipses and does not correctly quote section 3.13.10 of the Residential Faculty Policy.

28.     Responding to the allegations contained within paragraph 28 of the Complaint, Defendants deny said allegations.

29.     Responding to the allegations contained within paragraph 29 of the Complaint, Defendants deny said allegations.

30.     Responding to the allegations contained within paragraph 30 of the Complaint, Defendants deny said allegations.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

31.     Responding to the allegations contained within paragraph 31 of the Complaint, Defendants admit said allegations insofar as paragraph 31 correctly and completely quotes section 3.13 of the Residential Faculty Policy and its subparts. Defendants deny said allegations insofar as they incorrectly or incompletely quote section 3.13 of the Residential Faculty Policy and its subparts.

32.     Responding to the allegations contained within paragraph 32 of the Complaint, Defendants aver that Chancellor Glasper forwarded the Hearing Committee's recommendations to the Governing Board on February 10, 2014 and Plaintiff's counsel, Steve Montoya, was copied. Defendants further aver that the Hearing Committee's recommendations were forwarded to the Governing Board by Plaintiff's counsel on March 12, 2014. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 32 of the Complaint.

33.     Responding to the allegations contained within paragraph 33 of the Complaint, in imposing the suspension Chancellor Glasper sought the advice of MCCCD's General Counsel as required by section 3.11.3 of the Residential Faculty Policy. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 33 of the Complaint.

34.     Responding to the allegations contained within paragraph 34 of the Complaint, Defendants deny said allegations.

35.     Responding to the allegations contained within paragraph 35 of the Complaint, Defendants deny said allegations.

36.     Responding to the allegations contained within paragraph 36 of the Complaint, Defendants admit that the Hearing Committee concluded that MCCCD did not carry its burden of proof relating to Plaintiff's violations of federal copyright laws or MCCCD's cash handling policy. Defendants, however, aver that the Hearing Committee specifically concluded that: (i) Plaintiff willfully and intentionally failed to follow instructions that were communicated to her when she failed to issue refunds to students as directed by President Solley; (ii) Plaintiff's testimony before the Hearing Committee

constituted and contained her "admission of willful insubordination"; (iii) Plaintiff "violated MCCCD Administrative Regulation 6.7.1 which prohibits the '[w]illful and intentional violation of any … MCCCD administrative regulation that affects the employee's ability to perform his or her job'"; and (iv) Plaintiff "violated MCCCD Administrative Regulation 6.7.3 which prohibits the '[w]illful and intentional failure to perform job duties that have first been communicated to an employee and are within the employee's scope of employment.'"

37.     Responding to the allegations contained within paragraph 37 of the Complaint, Defendants deny said allegations.

38.     Responding to the allegations contained within paragraph 38 of the Complaint, Defendants deny said allegations.

39.     Responding to the allegations contained within paragraph 39 of the Complaint, Defendants admit that the Statement of Charges dated February 10, 2014 references MCCCD Administrative Regulations 1.12.2 and 1.12.3 with respect to a student's complaint that Plaintiff had refused to provide a receipt for materials which Plaintiff required the student to purchase. Defendants aver that the aforesaid Regulations were referenced in the Statement of Charges dated February 10, 2014 with respect to Plaintiff's intentional violation of a direct instruction to issue refunds to students to whom she sold course materials in violation of the cash handling policy. Defendants aver that these issues were fully heard and considered by the Hearing Committee which concluded that: (i) Plaintiff "willfully and intentionally failed to follow instructions that were communicated to her when she failed to issue refunds to students as directed by President Solley"; (ii) Plaintiff's testimony before the Hearing Committee constituted and contained her "admission of willful insubordination"; (iii) Plaintiff "violated MCCCD Administrative Regulation 6.7.1 which prohibits the '[w]illful and intentional violation of any … MCCCD administrative regulation that affects the employee's ability to perform his or her job'"; and (iv) Plaintiff "violated MCCCD Administrative Regulation 6.7.3 which prohibits the '[w]illful and intentional failure to perform job

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

1    duties that have first been communicated to an employee and are within the employee's

2    scope of employment.'"

3        40.    Responding to the allegations contained within paragraph 40 of the

4    Complaint, Defendants admit that the Statement of Charges dated August 9, 2013 do not

5    specifically reference MCCCD Administrative Regulations 1.12.2 and 1.12.3.

6    Defendants aver that the Statement of Charges dated February 10, 2014 pertaining to the

7    suspension of Plaintiff reference MCCCD Administrative Regulations 1.12.2 and 1.12.3

8    with respect to a student's complaint that Plaintiff had refused to provide a receipt for

9    materials which Plaintiff required the student to purchase. Defendants further aver that

10   the aforesaid Regulations were referenced in the Statement of Charges dated February

11   10, 2014 with respect to Plaintiff's intentional violation of a direct instruction to issue

12   refunds to students to whom she sold course materials in violation of the cash handling

13   policy. Defendants aver that these issues were fully heard and considered by the Hearing

14   Committee which concluded that: (i) Plaintiff "willfully and intentionally failed to

15   follow instructions that were communicated to her when she failed to issue refunds to

16   students as directed by President Solley"; (ii) Plaintiff's testimony before the Hearing

17   Committee constituted and contained her "admission of willful insubordination"; (iii)

18   Plaintiff "violated MCCCD Administrative Regulation 6.7.1 which prohibits the

19   '[w]illful and intentional violation of any … MCCCD administrative regulation that

20   affects the employee's ability to perform his or her job'"; and (iv) Plaintiff "violated

21   MCCCD Administrative Regulation 6.7.3 which prohibits the '[w]illful and intentional

22   failure to perform job duties that have first been communicated to an employee and are

23   within the employee's scope of employment.'"

24       41.    Responding to the allegations contained within paragraph 41 of the

25   Complaint, Defendants deny said allegations.

26       42.    Responding to the allegations contained within paragraph 42 of the

27   Complaint, Defendants deny said allegations.

28

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

9

43.     Responding to the allegations contained within paragraph 43 of the Complaint, Defendants deny said allegations.

44.     Responding to the allegations contained within paragraph 44 of the Complaint, Defendants deny said allegations.

45.     Responding to the allegations contained within paragraph 45 of the Complaint, Defendants deny that the Residential Faculty Policy required Chancellor Glasper to submit the issue of Plaintiff's suspension to the Governing Board. Defendants aver that Residential Faculty Policy sections 3.13.8-3.13.10 speak for themselves and require no answer. Defendants deny each and every remaining allegation contained within paragraph 45 of the Complaint.

46.     Responding to the allegations contained within paragraph 46 of the Complaint, Defendants admit that Chancellor Glasper was not required to submit the issue of Plaintiff's suspension to the Governing Board. Defendants aver that Residential Faculty Policy sections 3.13.8-3.13.10 speak for themselves and require no answer. Defendants admit that the Statement of Charges dated August 9, 2013 involved dismissal. Defendants aver that the Hearing Committee's Findings of Fact, Conclusions of law, and Recommendations were provided to and received by the Governing Board. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 46 of the Complaint.

47.     Responding to the allegations contained within paragraph 47 of the Complaint, Defendants deny said allegations.

48.     Responding to the allegations contained within paragraph 48 of the Complaint, Defendants deny said allegations.

49.     Responding to the allegations contained within paragraph 49 of the Complaint, Defendants deny said allegations.

50.     Responding to the allegations contained within paragraph 50 of the Complaint, Defendants deny said allegations.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

51.     Responding to the allegations contained within paragraph 51 of the Complaint, Defendants admit said allegations.

52.     Responding to the allegations contained within paragraph 52 of the Complaint, Defendants deny said allegations.

53.     Responding to the allegations contained within paragraph 53 of the Complaint, Defendants deny said allegations.

54.     Responding to the allegations contained within paragraph 54 of the Complaint, Defendants admit said allegations. Defendants aver that the Fall 2015 class schedule was published prior to the end of Plaintiff's suspension.

55.     Responding to the allegations contained within paragraph 55 of the Complaint, Defendants deny said allegations.

56.     Responding to the allegations contained within paragraph 56 of the Complaint, Defendants deny that it is normal procedure to ask professors who have been suspended for egregious conduct, such as the Plaintiff, which classes they want to teach in advance of publishing a class schedule. Defendants deny each and every remaining allegation contained within paragraph 56 of the Complaint.

57.     Responding to the allegations contained within paragraph 57 of the Complaint, Defendants deny said allegations.

58.     Responding to the allegations contained within paragraph 58 of the Complaint, Defendants deny said allegations.

59.     Responding to the allegations contained within paragraph 59 of the Complaint, Defendants deny that the normal procedures for professors who have been suspended for egregious misconduct, such as the Plaintiff, is to allow them to "bump" adjuncts. Defendants further deny each and every remaining allegation contained within paragraph 59 of the Complaint.

60.     Responding to the allegations contained within paragraph 60 of the Complaint, Defendants deny said allegations.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

1   61.     Responding to the allegations contained within paragraph 61 of the

2   Complaint, Defendants deny said allegations.

3   62.     Responding to the allegations contained within paragraph 62 of the

4   Complaint, Defendants deny that a professor who has been suspended for egregious

5   misconduct, such as the Plaintiff, would have access to her office and computer to

6   prepare for classes. Defendants further deny each and every remaining allegation

7   contained within paragraph 62 of the Complaint.

8   63.     Responding to the allegations contained within paragraph 63 of the

9   Complaint, Defendants deny said allegations.

10   64.     Responding to the allegations contained within paragraph 64 of the

11   Complaint, Defendants deny said allegations.

12   65.     Responding to the allegations contained within paragraph 65 of the

13   Complaint, Defendants deny said allegations.

14   66.     Responding to the allegations contained within paragraph 66 of the

15   Complaint, Defendants deny said allegations.

16   67.     Responding to the allegations contained within paragraph 67 of the

17   Complaint, Defendants deny said allegations.

18   68.     Responding to the allegations contained within paragraph 68 of the

19   Complaint, Defendants deny said allegations.

20   69.     Responding to the allegations contained within paragraph 69 of the

21   Complaint, Defendants deny said allegations.

22   70.     Responding to the allegations contained within paragraph 70 of the

23   Complaint, said allegations are a conclusion of law which require no answer. To the

24   extent that an answer is required, Defendants deny said allegations.

25   71.     Responding to the allegations contained within paragraph 71 of the

26   Complaint, said allegations are a conclusion of law which require no answer. To the

27   extent that an answer is required, Defendants deny said allegations.

28

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

72.     Responding to the allegations contained within paragraph 72 of the Complaint, Defendants deny said allegations.

73.     Responding to the allegations contained within paragraph 73 of the Complaint, said allegations are a conclusion of law which require no answer.  To the extent that an answer is required, Defendants deny said allegations.

74.     Responding to the allegations contained within paragraph 74 of the Complaint, said allegations are a conclusion of law which require no answer. To the extent that an answer is required, Defendants deny said allegations.

75.     Responding to the allegations contained within paragraph 75 of the Complaint, said allegations are a conclusion of law which require no answer. To the extent that an answer is required, Defendants deny said allegations.

76.     Responding to the allegations contained within paragraph 76 of the Complaint, Defendants aver that the Hearing Committee concluded that: (i) Plaintiff "willfully and intentionally failed to follow instructions that were communicated to her when she failed to issue refunds to students as directed by President Solley"; (ii) Plaintiff's testimony before the Hearing Committee constituted and contained her "admission of willful insubordination"; (iii) Plaintiff "violated MCCCD Administrative Regulation 6.7.1 which prohibits the '[w]illful and intentional violation of any … MCCCD administrative regulation that affects the employee's ability to perform his or her job'"; and (iv) Plaintiff "violated MCCCD Administrative Regulation 6.7.3 which prohibits the '[w]illful and intentional failure to perform job duties that have first been communicated to an employee and are within the employee's scope of employment.'" Defendants admit that Plaintiff's suspension was entirely justified. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 76 of the Complaint.

77.     Responding to the allegations contained within paragraph 77 of the Complaint, Defendants aver that the Hearing Committee concluded that: (i) Plaintiff "willfully and intentionally failed to follow instructions that were communicated to her

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

when she failed to issue refunds to students as directed by President Solley"; (ii) Plaintiff's testimony before the Hearing Committee constituted and contained her "admission of willful insubordination"; (iii) Plaintiff "violated MCCCD Administrative Regulation 6.7.1 which prohibits the '[w]illful and intentional violation of any … MCCCD administrative regulation that affects the employee's ability to perform his or her job'"; and (iv) Plaintiff "violated MCCCD Administrative Regulation 6.7.3 which prohibits the '[w]illful and intentional failure to perform job duties that have first been communicated to an employee and are within the employee's scope of employment.'" Defendants admit that counsel for the Hearing Committee made the statements set forth in paragraph 77 of the Complaint insofar as paragraph 77 correctly and completely quotes Exhibit I to the Complaint. Defendants deny said allegations insofar as they incorrectly or incompletely quote Exhibit I to the Complaint. Defendants further aver that as set forth in Exhibit I to the Complaint counsel for the Hearing Committee advised that "[t]he Hearing Committee has found that there is evidence of Dr. Martinez' insubordination."

78.     Responding to the allegations contained within paragraph 78 of the Complaint, Defendants deny said allegations.

79.     Responding to the allegations contained within paragraph 79 of the Complaint, Defendants admit that Interim President Chris Haines gave Plaintiff the option of signing the agreement attached as Exhibit J to the Complaint, which Plaintiff refused. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 79 of the Complaint.

80.     Responding to the allegations contained within paragraph 80 of the Complaint, Defendants aver that the proposed Agreement speaks for itself and requires no answer. To the extent that an answer is required, Defendants deny said allegations.

81.     Responding to the allegations contained within paragraph 81 of the Complaint, Defendants aver that Exhibit J [*sic*] and the letter of Interim President, Chris Haines, speak for themselves and require no answer. To the extent that an answer is

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

1   required, Defendants deny said allegations. Defendants further aver that Plaintiff has

2   continued her insubordination, which she was found guilty of by the Hearing Committee,

3   by refusing to reimburse students for the monies which she improperly collected.

4   Specifically, the Hearing Committee concluded that: (i) Plaintiff "willfully and

5   intentionally failed to follow instructions that were communicated to her when she failed

6   to issue refunds to students as directed by President Solley"; (ii) Plaintiff's testimony

7   before the Hearing Committee constituted and contained her "admission of willful

8   insubordination"; (iii) Plaintiff "violated MCCCD Administrative Regulation 6.7.1

9   which prohibits the '[w]illful and intentional violation of any … MCCCD administrative

10  regulation that affects the employee's ability to perform his or her job'"; and (iv)

11  Plaintiff "violated MCCCD Administrative Regulation 6.7.3 which prohibits the

12  '[w]illful and intentional failure to perform job duties that have first been communicated

13  to an employee and are within the employee's scope of employment.'" Defendants deny

14  each and every remaining allegation contained within paragraph 81 of the Complaint.

15      82.    Responding to the allegations contained within paragraph 82 of the

16  Complaint, Defendants admit that President Haines' letter contains the statements set

17  forth in paragraph 82 of the Complaint insofar as paragraph 82 correctly and completely

18  quotes Exhibit K to the Complaint. Defendants deny said allegations insofar as

19  paragraph 82 of the Complaint incorrectly or incompletely quotes Exhibit K to the

20  Complaint. Defendants further aver that Plaintiff has continued her insubordination,

21  which she was found guilty of by the Hearing Committee, by refusing to reimburse

22  students for the monies which she improperly collected. Specifically, the Hearing

23  Committee concluded that: (i) Plaintiff "willfully and intentionally failed to follow

24  instructions that were communicated to her when she failed to issue refunds to students

25  as directed by President Solley"; (ii) Plaintiff's testimony before the Hearing Committee

26  constituted and contained her "admission of willful insubordination"; (iii) Plaintiff

27  "violated MCCCD Administrative Regulation 6.7.1 which prohibits the '[w]illful and

28  intentional violation of any … MCCCD administrative regulation that affects the

employee's ability to perform his or her job'"; and (iv) Plaintiff "violated MCCCD Administrative Regulation 6.7.3 which prohibits the '[w]illful and intentional failure to perform job duties that have first been communicated to an employee and are within the employee's scope of employment.' Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 82 of the Complaint.

83.     Responding to the allegations contained within paragraph 83 of the Complaint, Defendants deny said allegations.

84.     Responding to the allegations contained within paragraph 84 of the Complaint, Defendants deny said allegations.

85.     Responding to the allegations contained within paragraph 85 of the Complaint, Defendants deny said allegations.

86.     Responding to the allegations contained within paragraph 86 of the Complaint, Defendants deny said allegations.

87.     Responding to the allegations contained within paragraph 87 of the Complaint, Defendants admits said allegations.

88.     Responding to the allegations contained within paragraph 88 of the Complaint, Interim President Chris Haines' written response to Plaintiff speaks for itself and requires no answer.

89.     Responding to the allegations contained within paragraph 89 of the Complaint, Defendants aver that Plaintiff's email to Interim President Chris Haines dated October 15, 2015 speaks for itself and requires no answer.

90.     Responding to the allegations contained within paragraph 90 of the Complaint, Defendants aver that the Interim President Chris Haines' written response to Plaintiff dated October 27, 2015 speaks for itself and requires no answer.

91.     Responding to the allegations contained within paragraph 91 of the Complaint, Defendants deny said allegations.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

**Jury Demand**

92.     Responding to the allegations contained within paragraph 92 of the Complaint, Defendants admit that Plaintiff has demanded a jury trial.

**COUNT I**
(Chancellor Glasper – 42 U.S.C. § 1983 – Liberty Interest)

93.     Defendants incorporate by reference herein the answers, defenses, responses, denials and averments to all allegations contained within paragraphs 1 through 92 above as though fully set forth herein.

94.     Responding to the allegations contained within paragraph 89 of the Complaint, Defendants deny said allegations.

95.     Responding to the allegations contained within paragraph 90 of the Complaint, Defendants deny said allegations.

96.     Responding to the allegations contained within paragraph 91 of the Complaint, Defendants deny said allegations.

**COUNT II**
(Chancellor Glasper – 42 U.S.C. § 1983 – Property Interest)

97.     Defendants incorporate by reference herein the answers, defenses, responses, denials and averments to all allegations contained within paragraphs 1 through 96 above as though fully set forth herein.

98.     Responding to the allegations contained within paragraph 93 of the Complaint, Defendants deny said allegations.

99.     Responding to the allegations contained within paragraph 94 of the Complaint, Defendants deny said allegations.

100.    Responding to the allegations contained within paragraph 95 of the Complaint, Defendants deny said allegations.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

**COUNT III**
(District– 42 U.S.C. § 1983 – Liberty Interest)

101.    Defendants incorporate by reference herein the answers, defenses, responses, denials and averments to all allegations contained within paragraphs 1 through 100 above as though fully set forth herein.

102.    Responding to the allegations contained within paragraph 97 of the Complaint, Defendants deny said allegations.

103.    Responding to the allegations contained within paragraph 98 of the Complaint, Defendants deny said allegations.

104.    Responding to the allegations contained within paragraph 99 of the Complaint, Defendants deny said allegations.

105.    Responding to the allegations contained within paragraph 100 of the Complaint, Defendants deny said allegations.

**COUNT IV**
(District– 42 U.S.C. § 1983 – Property Interest)

106.    Defendants incorporate by reference herein the answers, defenses, responses, denials and averments to all allegations contained within paragraphs 1 through 105 above as though fully set forth herein.

107.    Responding to the allegations contained within paragraph 102 of the Complaint, Defendants deny said allegations.

108.    Responding to the allegations contained within paragraph 103 of the Complaint, Defendants deny said allegations.

109.    Responding to the allegations contained within paragraph 104 of the Complaint, Defendants deny said allegations.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

## COUNT V
### (District– Declaratory Relief)

110.   Defendants incorporate by reference herein the answers, defenses, responses, denials and averments to all allegations contained within paragraphs 1 through 109 above as though fully set forth herein.

111.   Responding to the allegations contained within paragraph 111 of the Complaint, Defendants deny said allegations. Defendants aver that Plaintiff is still subject to the December 9, 2010 directive because, *inter alia*, Plaintiff has copied and used a large volume of copyrighted material without permission and, according to expert copyright counsel, has exposed MCCCD to an unreasonable risk of a copyright infringement lawsuit. Defendants further aver that Plaintiff remains subject to the directive because she has intentionally engaged in actions to circumvent and violate the directive, and such actions by the Plaintiff have caused the President of Phoenix College to lose confidence that Plaintiff will respect applicable copyright laws.

112.   Responding to the allegations contained within paragraph 112 of the Complaint, Defendants deny said allegations.

113.   Responding to the allegations contained within paragraph 113 of the Complaint, Defendants admit said allegations.

114.   Responding to the allegations contained within paragraph 114 of the Complaint, Defendants admit that the Findings of Fact, Conclusions of law, and Recommendations of the Hearing Committee are set forth in Exhibit A to Complaint. Except as admitted herein, Defendants deny each and every remaining allegation contained within paragraph 114 of the Complaint.

115.   Responding to the allegations contained within paragraph 115 of the Complaint, Defendants admit that RFP 3.13.7 provides that "the Hearing Committee shall render binding written findings of fact and conclusions of law and forward these along with its recommendation regarding dismissal to the Chancellor." Except as

admitted herein, Defendants deny each and every remaining allegation contained within paragraph 115 of the Complaint.

116.   Responding to the allegations contained within paragraph 116 of the Complaint, Defendants deny said allegations.

117.   Responding to the allegations contained within paragraph 117 of the Complaint, Defendants admit said allegations. Defendants aver that Plaintiff is still subject to the December 9, 2010 directive because, *inter alia*, Plaintiff has copied and used a large volume of copyrighted material without permission and, according to expert copyright counsel, has exposed MCCCD to an unreasonable risk of a copyright infringement lawsuit. Defendants further aver that Plaintiff remains subject to the directive because she has intentionally engaged in actions to circumvent and violate the directive, and such actions by the Plaintiff have caused the President of Phoenix College to lose confidence that Plaintiff will respect applicable copyright laws.

118.   All allegations not specifically admitted herein are denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the damages or other relief sought in her prayer for relief.

**WHEREFORE**, Defendants request that each and every count of Plaintiff's Complaint be denied in its entirety, that Plaintiff take nothing, and that Defendants be awarded their reasonable attorneys' fees and costs pursuant to any statutes and rules which would allow Defendants to recover its attorneys' fees, costs, or other relief.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's claims are barred, in whole or in part, by her failure to state a claim upon which relief may be granted.

2.   Plaintiff's claims are barred, in whole or in part, by the doctrines of absolute and/or qualified immunity.

3.   Plaintiff's claims are barred, in whole or in part, based on the collateral estoppel doctrine.

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

4.     Plaintiff's claims are barred, in whole or in part, based on the *res judicata* doctrine.

5.     Plaintiff's claims are barred, in whole or in part, based on Defendants' good faith reliance upon the advice of counsel, Lewis and Roca, in implementing certain restrictions on Plaintiff's ability to copy and distribute materials to her students.

6.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7.     Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

8.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust her administrative remedies.

9.     Plaintiff's claims are barred, in whole or in part, by the after acquired evidence doctrine.

10.     Defendants reserve the right to amend and/or add affirmative defenses as discovery proceeds.

**WHEREFORE**, Defendants pray as follows:

1.     That Plaintiff take nothing by this action;

2.     That judgment be entered in favor of Defendants;

3.     For costs of suit and for reasonable attorneys' fees incurred by Defendants; and

4.     For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of November 2015.

FISHER & PHILLIPS LLP

By s/ Pavneet Singh Uppal
    Pavneet Singh Uppal
    Shayna H. Balch
    Alanna R. Brook
    201 E. Washington Street, Suite 1450
    Phoenix, Arizona 85004-2330
    Attorneys for Defendants

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2330
(602) 281-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of November 2015 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Tod F. Schleier
Schleier Law Offices, P.C.
3101 N. Central Avenue, Ste. 1090
Phoenix, AZ 85012

Kevin Koelbel
Law Offices of Kevin Koelbel, P.C.
7303 W. Boston Street
Chandler, AZ 85226

Attorneys for Plaintiff


 s/ Eileen Kane