Pavneet Singh Uppal, SBN 016805
Shayna H. Balch, SBN 024852
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@fisherphillips.com
sbalch@fisherphillips.com

Attorneys for Defendants

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Cleopatria Martinez,

Plaintiff,

v.

Maricopa County Community College District; et al.,

Defendants.

No. CV 15-01759-PHX-NVW

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and L.R. Civ. 56.1, Defendants Maricopa County Community College District, Rufus Glasper, Ph.D. and Debra Glasper (collectively "Defendants"), by and through their undersigned counsel, hereby submit their responses and objections to Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment ("PSOF"). Defendants Responses and Objections to Plaintiff's Statement of Material Facts In Support of Plaintiff's Motion for Summary Judgment are set forth in bold italics following each numbered paragraph of PSOF. References to "PSOF ¶ __" refer to the numbered paragraphs of Plaintiff's Statement of Material Facts In Support of Plaintiff's Motion for Summary Judgment at Doc. 72. References to "DSOF ¶ __" refer to the numbered paragraphs of Defendants' Statement of Facts In Support of Defendants' Motion for Summary Judgment at Doc. 73.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1. Martinez began her employment as a full-time mathematics professor with MCCCD in 1985, and has taught at MCCCD's Phoenix College campus since 1995. [Deposition of Dr. Cleopatria Martinez on August 16, 2016 ("Martinez Depo. Vol. I") at 17:19-19:13, attached hereto as Exhibit 1].

**Defendants do not dispute PSOF ¶ 1.**

2. MCCCD is a political subdivision of the State of Arizona. [Plaintiff's Verified Amended Complaint, ¶2; Defendants' Answer to Plaintiff's Verified Amended Complaint at ¶2].

**Defendants do not dispute PSOF ¶ 2.**

3. On August 9, 2013, Glasper, who, at relevant times, was MCCCD's Chancellor, issued Martinez a notice, copied to MCCCD's Governing Board, of MCCCD's intent to dismiss Martinez from her employment. [Deposition of Dr. Rufus Glasper ("Glasper Depo.") at 6:21-7:5, 10:10-11:9 and Glasper Depo. Exhibit 3 (August 9, 2013 Notice of Dismissal and Statement of Charges) at page 1 of 4, attached hereto as Exhibit 2].

**Defendants do not dispute that on August 9, 2013, MCCCD Vice Chancellor Glasper issued a notice to Plaintiff with the Re line "Intent to dismiss you from employment." Copied on the notice was the MCCCD Governing Board, Phoenix College President Anna Solley and Vice Chancellor of Human Resources Jim Bowers. [DSOF 20 (DSOF ¶ 27)].**

4. Glasper was MCCCD's Chancellor from 2003 until the end of February 2016. [Glasper Depo. at 6:21-7:5, 65:11-24, attached hereto as Exhibit 2].

**Defendants do not dispute PSOF ¶ 4.**

5. In the notice, Glasper wrote that Interim Vice Chancellor of Human Resources James Bower had reviewed the charges against Martinez, in consultation with the MCCCD Legal Office, and recommended to Glasper that there existed prima facie

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

cause for Martinez's dismissal. [Glasper Depo. at 10:10-11:9 and Glasper Depo. Exhibit 3 (August 9, 2013 Notice of Dismissal and Statement of Charges) at page 1 of 4, attached hereto as Exhibit 2].

**Defendants do not dispute PSOF ¶5.**

6. Glasper further wrote that he concurred with Bower's recommendation. [*Id.*].

**Defendants do not dispute PSOF ¶6.**

7. Included with the notice, was a "Statement of Charges," in which it was alleged that Martinez had engaged in the following:

- Violation of Administrative Regulation 6.7.1 — 'Willful and Intentional violation of any state or federal law, applicable ordinance, MCCCD Governing Board policy, or MCCCD administrative regulation that affects the employee's ability to perform his or her job,' specifically:
    - Violation of MCCCD's cash handling rules as covered by MCCCD Administrative Regulations 1.17.
- Violation of Residential Faculty Policy Manual 3.2.4 — 'A Faculty member shall not have any financial interest in or receive compensation from the sale of any unpublished instructional materials required or suggested for a class that the Faculty member teaches.'
- Violation of U.S. Copyright Law and fair use guidelines, and MCCCD Administrative Regulations 3.2.4 and 3.2.5 regarding copyright regulations:
    - 3.2.4 Employees are prohibited from copying materials not specifically allowed by the (1) copyright Law, (2) fair use guidelines, (3) Licenses or contractual agreements, or (4) other permission.
    - 3.2.5 The Governing Board disapproves of unauthorized duplication in any form. Employees who willfully disregard this Board policy and/or the aforementioned copyright guidelines do so at their own risk and assume all liability for their actions.

- Violation of Administrative Regulation 6.7.3 — 'Willful and intentional failure to perform job duties that have first been communicated to an employee and are within the employee's scope of employment,' specifically, repeated failure to follow instructions regarding printing/copying of unauthorized materials, failure to use only approved course materials, unauthorized copying and sale of course materials, failure to reimburse students for the materials your wrongfully charged them for, and failure to meet the deadline to provide copies of any reimbursement checks to students.

Brief Timeline:

- January 2010 — College Vice Presidents Ronnie Elliott, Paul DeRose and Cassandra Kakar; along with Maggie McConnell; Assistant General Counsel, reviewed the requirements of AR 3.2 with you at length.

- April 2, 2010 — Anna Solley, Phoenix College President, notified you that your copying privileges at the Phoenix College IKON Copy Center were suspended.

- Spring 2010 — An Administrative Evaluation was initiated based on Mr. Joe Sueyoshi's complaint. By agreement, the Evaluation Team did not undertake its task until the fall semester. The findings and recommendations were submitted to Dr. Solley on November 17, 2010. The overall findings included:
  - Copyright and plagiarism: Dr. Martinez was notified in writing and in meetings of MCCCD's and Phoenix College's concerns regarding her course materials violating copyright, fair use, and plagiarism laws.
  - Insubordination: Dr. Martinez failed to follow Dr. Solley's and MCCCD's Legal Counsel's directives - specifically, she repeatedly requested copies, copied and printed unauthorized materials.

- December 9, 2010 — Dr. Solley administered an Initial Corrective Action to you for insubordination and failure to follow instructions regarding printing or copying of unauthorized materials.

- August 21-23, 2012 — You told your MAT 091 and MAT

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

> 151 students not to buy the approved text that you listed on the syllabus. Instead, you made copies of a colleague's materials and sold them to your students for $11 each.
>
> - October 18, 2012 — A Second Corrective Action for insubordination and unauthorized copying and sale of course materials was administered to you by Dr. Solley. Included in the corrective action was the following directive: "Because you imposed charges on your students without authority to do so, you have the responsibility to reimburse the students from your own funds. You are hereby directed to do so by personal check, beginning immediately and continuing until all students who paid you are reimbursed."
> - January 11, 2013 — Upon discovering that the students who bought your unauthorized course materials had yet to be reimbursed, Casandra Kakar directed you, via email, to provide her by January 18, 2013, with front and back copies of all cashed personal reimbursement checks to your students.
> - January 18, 2013 — You failed to provide Dr. Kakar with copies of any reimbursement checks and neglected to contact her regarding the money you still owe the students.
> - February 21, 2013 — A student turned in the MAT091 materials which you left in room B210. Timothy Bryan, Mathematics Faculty, has previously told you that you do not have permission to use his materials again.

[*Id.*].

**Defendants do not dispute PSOF ¶7.**

8. The allegations in the August 9, 2013 Statement of Charges are taken verbatim from a March 20, 2013 Pre-Disciplinary Conference, which included copies of the specific policies Martinez is alleged to have violated. [Martinez Depo. Vol. I at 47:2-17, Martinez Depo. Vol. I Exhibit 4 (March 20, 2013 Notice of Pre-Disciplinary Conference with attachments) at MCCCD/Martinez02114- MCCCD/ Martinez 02120, and a more legible copy of the March 20, 2013 Notice of Pre-Disciplinary Conference with attachments, is attached hereto as Exhibit 1].

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**Defendants do not dispute that the allegations contained in the March 20, 2013 Notice of Pre-Disciplinary Conference were the same as the allegations contained in the August 9, 2013 Statement of Charges issued to Plaintiff.**

9. At the time Glasper sent Martinez the notice of intent to dismiss, Martinez's employment relationship with MCCCD was governed by the 2012-2013 Residential Faculty Policies (the "RFP"), which indicates the rights of faculty members with respect to various employment matters. [Glasper Depo. at 7:18-8:15, 13:15-14:3, Glasper Depo. Errata Sheet at 14:3 and Glasper Depo. Exhibit 1 (2012-2013 RFP) attached hereto as Exhibit 2; Deposition of Judy Castellanos ("Castellanos Depo.") at 14:8-11, attached hereto as Exhibit 3].

**Defendants do not dispute PSOF ¶ 9.**

10. The RFP was "ratified" by, among others, Glasper and the MCCCD Governing Board. [Glasper Depo. at 7:18-8:11 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -52-, attached hereto as Exhibit 2].

**Defendants do not dispute that the 2012-2013 and 2013-2014 RFP Manuals that Plaintiff attached to her Separate Statement of Material Facts were ratified by Glasper and the MCCCD Governing Board. Defendants object to the remainder of allegations contained in PSOF ¶ 10 to the extent it incorporates RFP Manuals for additional years as they are irrelevant and inadmissible because they do not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401, 402; Fed. R. Civ. P. 56(c)(2).**

11. Both the 2012-2013 RFP and the 2013-2014 Residential Faculty Policies (the "2013-2014 RFP") are relevant in this case. [Glasper Depo. 13:24-14:3, Glasper Depo. Errata Sheet at 14:3, attached hereto as Exhibit 2].

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**Defendants do not dispute PSOF ¶ 11.**

12. The 2013-2014 Residential Faculty Policies (the "2013-2014 RFP") were approved by the Governing Board on September 24, 2013. [Glasper Depo. at 9:9-10:7 and Glasper Depo. Exhibit 2 (2013-2014 RFP) at MCCCD/Martinez00252, MCCCD/Martinez00310 and MCCCD/Martinez00339, attached hereto as Exhibit 2].

**Defendants do not dispute PSOF ¶ 12.**

13. Pursuant to RFP §§ 1.2. and 3.18.3.4., "Appointive" status refers to the employment status of a faculty member attained at the beginning of his/her sixth consecutive year. [Glasper Depo. at 7:20-8:2, 16:4-7 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -4- and -26-, attached hereto as Exhibit 2].

**Defendants do not dispute PSOF ¶ 13.**

14. Appointive faculty members have continuous rights to employment. [Glasper Depo. at 16:11-15, attached hereto as Exhibit 2].

**Defendants do not dispute PSOF ¶ 14.**

15. At the time she received the notice of intent to dismiss, and at the time of her suspension, Martinez had appointive status. [Glasper Depo. at 51:6-12, attached hereto as Exhibit 2].

**Defendants do not dispute PSOF ¶ 15.**

16. Pursuant to RFP § 3.11.2.: "No faculty member shall be disciplined, reprimanded, suspended, or reduced in assignment or compensation without just cause." [Glasper Depo. at 7:18-8:15, 17:21-18:1, 21:18-21 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -19-, attached hereto as Exhibit 2].

**Defendants do not dispute that MCCCD Residential Faculty Policy Manual**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**for 2012-2013 (Effective July 1, 2012) Policy 3.11.2 states "No faculty member shall be disciplined, reprimanded, suspended, or reduced in assignment or compensation without just cause." [DSOF ¶¶1-2 (DSOF Exh. 1)].**

17. RFP § 3.11.2. was renumbered in 2013-2014 RFP as §6.3.2. [Glasper Depo. at 9:7-14, 43:10-18 and Glasper Depo. Exhibit 2 (2013-2014 RFP) at MCCCD/Martinez00304, attached hereto as Exhibit 2].

**Defendants do not dispute that 2012-2013 RFP § 3.11.2 was renumbered in 2013-2014 as §6.3.2.**

18. The term "disciplined" in this context includes terminations and suspensions. [Glasper Depo. at 17:21-18:8, attached hereto as Exhibit 2].

**For purposes of summary judgment only, Defendants do not dispute PSOF ¶ 18.**

19. Regarding *suspensions* of faculty members, RFP § 3.13.1. states, in pertinent part: "Upon a written statement of charges formulated by the Chancellor, charging a Faculty member of the MCCCD, the Chancellor, or his/her designee, may immediately suspend the Faculty member and give notice of the suspension..." [Glasper Depo. at 7:18-8:15 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -20-, attached hereto as Exhibit 2].

**Defendants object to PSOF ¶ 19 because it mischaracterizes and selectively cites to MCCCD's Residential Faculty Policy Manual. RFP § 3.13 is titled Suspension of a Faculty Member and the subsections of RFP § 3.13 need to be read in conjunction one another. Notwithstanding the foregoing, Defendants do not dispute that MCCCD Residential Faculty Policy Manual for 2012-2013 (Effective July 1, 2012) Policy 3.13 states as follows:**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**3.13. Suspension of a Faculty Member**

**3.13.1.**

> **Upon a written statement of charges formulated by the Chancellor, charging a Faulty member of the MCCCD, the Chancellor, or his/her designee, may immediately suspend the Faculty member and give notice of suspension. At the option of the Faculty member, the MCCCD Faculty Association President will be notified of this action.**

**3.13.2.**

> **The notice of suspension shall be in writing and be served upon the Faculty member, personally or by U.S. (registered or certified) mail, addressed to the Faculty member at his/her place of residence as recorded in the MCCCD records.**

**3.13.3.**

> **Any Faculty member who has been suspended pursuant to this Section will normally be paid hi/s her regular salary during the period of suspension. A suspension without pay will occur only upon advice of General Counsel. If payment is to be withheld, the Vice Chancellor of Human Resources will first consult with and advise the member and, at the option of the Faculty member, the Faculty Association President regarding the rationale for that action.**

**[DSOF ¶¶1-2 (DSOF Exh. 1)].**

20. Pursuant to RFP §3.13.3.:

> Any Faculty member who has been suspended pursuant to this Section will normally be paid his/her regular salary during the period of suspension. A suspension without pay will occur only upon the advice of General Counsel. If payment is to be withheld, the Vice Chancellor of Human Resources will first consult and advise the member...

[Glasper Depo. at 7:18-8:15 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -20- thru -21-, attached hereto as Exhibit 2].

**Defendants object to PSOF ¶ 19 because it mischaracterizes and selectively cites to MCCCD's Residential Faculty Policy Manual. RFP § 3.13 is titled Suspension of a Faculty Member and the subsections of RFP § 3.13 need to be read**

**in conjunction one another. Notwithstanding the foregoing, Defendants do not dispute that MCCCD Residential Faculty Policy Manual for 2012-2013 (Effective July 1, 2012) Policy 3.13 states as follows:**

**3.13. Suspension of a Faculty Member**

**3.13.1.**

**Upon a written statement of charges formulated by the Chancellor, charging a Faulty member of the MCCCD, the Chancellor, or his/her designee, may immediately suspend the Faculty member and give notice of suspension. At the option of the Faculty member, the MCCCD Faculty Association President will be notified of this action.**

**3.13.2.**

**The notice of suspension shall be in writing and be served upon the Faculty member, personally or by U.S. (registered or certified) mail, addressed to the Faculty member at his/her place of residence as recorded in the MCCCD records.**

**3.13.3.**

**Any Faculty member who has been suspended pursuant to this Section will normally be paid hi/s her regular salary during the period of suspension. A suspension without pay will occur only upon advice of General Counsel. If payment is to be withheld, the Vice Chancellor of Human Resources will first consult with and advise the member and, at the option of the Faculty member, the Faculty Association President regarding the rationale for that action.**

**[DSOF ¶¶1-2 (DSOF Exh. 1)].**

21. Section 3.13. was renumbered in the 2013-2014 RFP as §3.11. [Glasper Depo. at 7:18-8:15, 9:9-14, 24:8-10, Glasper Depo. Exhibit 1 (2012-2013 RFP) at -20- thru -21- and Glasper Depo. Exhibit 2 (2013-2014 RFP) at MCCCD/Martinez00273, attached hereto as Exhibit 2].

**Defendants do not dispute PSOF ¶ 21.**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

22. Notably, this section does not allow the Vice-Chancellor of Human Resources to overturn the Chancellor's decision, and a suspended employee has no right to have the suspension reviewed by the Governing Board. [Glasper Depo. at 23:23-24:7, 26:2-27:1, 66:11-14, attached hereto as Exhibit 2; Castellanos Depo. at 27:3-16, 31:9-32:5, attached hereto as Exhibit 3].

**Defendants do not dispute that MCCCD's Vice Chancellor does not have the unilateral authority to overturn the Chancellor's decision to suspend a faculty member. Defendants further do not dispute that a suspended employee does not have an entitlement to have their suspension reviewed by the Governing Board. Nevertheless, as Chancellor Glasper testified under oath, if a faculty member "did not agree with a suspension, then they could request that it go to the Vice Chancellor and then to me and then to the Governing Board. But that doesn't mean that a suspended employee has the right to a hearing before the Governing Board. Rather, it is up to the Governing Board whether the Governing Board wants to hear more about a suspension." Doc. 72-2, p. 35 (Glasper deposition correction page at PSOF Exh. 2). In accordance with this practice, Plaintiff was allowed to submit a nine page legal brief to the Governing Board through her attorney arguing that her "fourteen-month suspension is the economic equivalent of a dismissal." [DSOF ¶ 29]. Plaintiff also sent at least four letters to the Governing Board asking "the board to intervene in [her] case to rescind the Chancellor's suspension." [DSOF ¶ 30]. On March 25, 2014, Plaintiff and her counsel each separately spoke before the Governing Board in open session and advanced the argument that her suspension was improper and that "the chancellor's fourteen month suspension of [Plaintiff] is the functional equivalent of termination from the district." [DSOF ¶30]. Plaintiff also appeared before the Governing Board in open session a second time on October 28, 2014 and argued against her suspension. [DSOF ¶35]. Finally, Plaintiff had two other individuals separately appear before**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**the Governing Board on her behalf and object to her suspension. [DSOF ¶35].**

23. Regarding faculty member *dismissal*, RFP § 3.15. provides a detailed procedure that includes, in pertinent part, the right of a faculty member to receive a "written statement of charges" which sets forth "the statutes, policies, rules, or written objectives of the College that the Faculty member is alleged to have violated" with "such specificity that the Faculty member will be able to prepare a defense based on the statement" (RFP §§ 3.15.1. and 3.15.2.); the right to request a hearing "which shall suspend the dismissal procedure, pending the completion of the hearing." (RFP § 3.15.3.); the right to have a Hearing Committee constituted to conduct a hearing regarding the allegations against the faculty member (RFP § 3.15.4.); and the right to attend the hearing, present testimony, evidence or statements, oral or written, in his/her behalf, and be represented by legal counsel or other representative (RFP § 3.15.6.). [Glasper Depo. at 7:18-8:2 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -21- thru -23-, attached hereto as Exhibit 2; Castellanos Depo. at 17:11-18:22, attached hereto as Exhibit 3].

**Defendants object to PSOF ¶ 23 because it mischaracterizes and selectively cites to MCCCD's Residential Faculty Policy Manual. RFP § 3.15 is titled Faculty Member Dismissal – Probationary and Appointive and the subsections of RFP § 3.15 need to be read in conjunction one another. Notwithstanding the foregoing, Defendants do not dispute that MCCCD Residential Faculty Policy Manual for 2012-2013 (Effective July 1, 2012) Policy 3.15 states as follows:**

**3.15. Faculty Member Dismissal-Probationary and Appointive**

**A Faculty member who is recommended, by the College President, through the Chancellor, to the Governing Board, for dismissal shall have access to the following due-process procedures.**

**3.15.1.**

**A written statement of charges, formulated by the College President, shall be forwarded to the Vice Chancellor of Human Resources. After review of the charges, the Vice Chancellor, in consultation with the MCCCD Legal Office, may recommend, to the Chancellor, that there exists prima facie cause for the dismissal of a Faculty member. The Chancellor shall inform the Governing Board in writing, with a copy of the recommendation being sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in the MCCCD records. The Vice Chancellor's recommendation will give notice to the Chancellor, Governing Board, and the Faculty member of the intention to formally recommend dismissal, which shall not be sooner than thirty (30) days from the date of the letter, nor later than the end of the current academic year.**

**3.15.2.**

**A written statement of charges shall be provided to the Chancellor, Governing Board, and the Faculty member as an attachment to the notification outlined in the preceding paragraph. The statement of charges shall state, if applicable, the statutes, policies, rules, or written objectives of the College that the Faculty member is alleged to have violated. The statement of charges shall be of such specificity that the Faculty member will be able to prepare a defense based on the statement.**

**3.15.3.**

**The Faculty member shall have the right to a hearing by filing a written request with the Vice-Chancellor within five (5) business days after being served with a notice of intent to dismiss. The filing of a timely request shall suspend the dismissal procedure, pending the completion of the hearing.**

**3.15.4.**

**Upon request, a Hearing Committee shall be constituted within five (5) business days and shall be composed of three (3) Faculty members: one (1) appointed by the Chancellor, one (1) selected by the President of the Faculty Association, and one (1) selected by the member. All three (3) shall be Appointive Faculty. The committed member selected by the Chancellor and the President of the Faculty Association will be from colleges other than the college where the Faculty member recommended for**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**dismissal is assigned. The committee shall be considered constituted when the hearing committee and the Faculty member have been informed by the Faculty Association President of the committee's formation.**

**3.15.5.**

**The Hearing Committee shall select a Chair. Unless the parties stipulate to extend the time beyond that which is set forth below, the Chair shall conduct a meeting with the attorney representing the MCCCD and the Faculty member and/or his/her attorney/representative no later than twenty (20) business days after the formation of the committee for the purpose of exchanging exhibits, witness lists, and summaries of witness testimony. The Chair may choose to deny admission of an exhibit(s) or witness testimony for failure to comply with this Section.**

**3.15.6.**

**Unless the parties otherwise agree, the Hearing Committee shall conduct the hearing no later than ten (10) business days after the exchange of information detailed in Section 3.15.5. Prior to the hearing, the Faculty member must declare, in writing, whether he/she wishes the hearing to be public or in executive session. The member may attend the hearing; present any testimony, evidence, or statements, oral or written, in his/her behalf; and be represented by legal counsel or other representative. It is expressly understood that the act of testifying will not be subject to reprisal by the MCCCD.**

**3.15.7.**

**Within five (5) business days after completion of the hearing, the Hearing Committee shall provide the Chancellor, and the Faculty member with a summary of the evidence that was presented during the hearing. In addition, the Hearing Committee shall render binding written findings of fact and conclusions of law and forward these along with its recommendation regarding dismissal to the Chancellor. The above deadline may be extended up to fifteen (15) business days after completion of the hearing, if the Hearing Committee requests briefs and/or recommended findings of fact and conclusions of law from the parties.**

**3.15.8.**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**After receiving the Hearing Committee's summary of evidence, findings of fact, conclusions of law, and final recommendation in regard to dismissal, the Chancellor, may meet with the Hearing Committee to clarify any questions he/she may have. The Chancellor shall have ten (10) business days in which to review the recommendation regarding dismissal. The Chancellor may adopt the Hearing Committee's recommendation regarding dismissal or make his/her own recommendation and forward the recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendations of the Hearing Committee to the Governing Board.**

**3.15.9.**

**The Governing Board will meet with the Faculty member and/or his/her representative and a representative of the administration to hear arguments regarding the Chancellor's and the Hearing Committee's recommendation regarding dismissal. This meeting will be an executive session unless the Faculty member chooses to have this meeting in public. The parties shall have no less than one-half hour to present their respective cases. The length of the meeting shall not exceed one (1) hour.**

**3.15.10.**

**The Governing Board, at a public meeting, shall render a final decision for retention or dismissal of the Faculty member. A copy of the final decision shall be sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in MCCCD records. It is expressly understood that the Governing Board decision does not diminish the Faculty member's right to seek other legal remedies under local, state and federal law.**

**[DSOF ¶¶1-2 (DSOF Exh. 1)].**

24. After completion of the hearing, the Hearing Committee provides the Chancellor and the faculty member with a summary of the evidence that was presented during the hearing, renders "binding written findings of fact and conclusions of law" and forwards them along with its recommendation regarding dismissal to the Chancellor. (RFP § 3.15.7.). [Glasper Depo. at 7:18-8:2, 28:6-12, 29:7-11, Glasper Depo. Exhibit 1

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

at -21- thru -23-, attached hereto as Exhibit 2; Castellanos Depo. at 17:11-18:22, 22:8-18, attached hereto as Exhibit 3].

**Defendants object to PSOF ¶ 24 because it mischaracterizes and selectively cites to MCCCD's Residential Faculty Policy Manual. RFP § 3.15 is titled Faculty Member Dismissal – Probationary and Appointive and the subsections of RFP § 3.15 need to be read in conjunction one another. Notwithstanding the foregoing, Defendants do not dispute that MCCCD Residential Faculty Policy Manual for 2012-2013 (Effective July 1, 2012) Policy 3.15 states as follows:**

**3.15. Faculty Member Dismissal-Probationary and Appointive**

**A Faculty member who is recommended, by the College President, through the Chancellor, to the Governing Board, for dismissal shall have access to the following due-process procedures.**

**3.15.1.**

**A written statement of charges, formulated by the College President, shall be forwarded to the Vice Chancellor of Human Resources. After review of the charges, the Vice Chancellor, in consultation with the MCCCD Legal Office, may recommend, to the Chancellor, that there exists prima facie cause for the dismissal of a Faculty member. The Chancellor shall inform the Governing Board in writing, with a copy of the recommendation being sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in the MCCCD records. The Vice Chancellor's recommendation will give notice to the Chancellor, Governing Board, and the Faculty member of the intention to formally recommend dismissal, which shall not be sooner than thirty (30) days from the date of the letter, nor later than the end of the current academic year.**

**3.15.2.**

**A written statement of charges shall be provided to the Chancellor, Governing Board, and the Faculty member as an attachment to the notification outlined in the preceding paragraph. The statement of charges shall state, if applicable, the statutes, policies, rules, or written objectives of the College**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**that the Faculty member is alleged to have violated. The statement of charges shall be of such specificity that the Faculty member will be able to prepare a defense based on the statement.**

**3.15.3.**

**The Faculty member shall have the right to a hearing by filing a written request with the Vice-Chancellor within five (5) business days after being served with a notice of intent to dismiss. The filing of a timely request shall suspend the dismissal procedure, pending the completion of the hearing.**

**3.15.4.**

**Upon request, a Hearing Committee shall be constituted within five (5) business days and shall be composed of three (3) Faculty members: one (1) appointed by the Chancellor, one (1) selected by the President of the Faculty Association, and one (1) selected by the member. All three (3) shall be Appointive Faculty. The committed member selected by the Chancellor and the President of the Faculty Association will be from colleges other than the college where the Faculty member recommended for dismissal is assigned. The committee shall be considered constituted when the hearing committee and the Faculty member have been informed by the Faculty Association President of the committee's formation.**

**3.15.5.**

**The Hearing Committee shall select a Chair. Unless the parties stipulate to extend the time beyond that which is set forth below, the Chair shall conduct a meeting with the attorney representing the MCCCD and the Faculty member and/or his/her attorney/representative no later than twenty (20) business days after the formation of the committee for the purpose of exchanging exhibits, witness lists, and summaries of witness testimony. The Chair may choose to deny admission of an exhibit(s) or witness testimony for failure to comply with this Section.**

**3.15.6.**

**Unless the parties otherwise agree, the Hearing Committee shall conduct the hearing no later than ten (10) business days after the exchange of information detailed in Section 3.15.5. Prior to**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**the hearing, the Faculty member must declare, in writing, whether he/she wishes the hearing to be public or in executive session. The member may attend the hearing; present any testimony, evidence, or statements, oral or written, in his/her behalf; and be represented by legal counsel or other representative. It is expressly understood that the act of testifying will not be subject to reprisal by the MCCCD.**

**3.15.7.**

**Within five (5) business days after completion of the hearing, the Hearing Committee shall provide the Chancellor, and the Faculty member with a summary of the evidence that was presented during the hearing. In addition, the Hearing Committee shall render binding written findings of fact and conclusions of law and forward these along with its recommendation regarding dismissal to the Chancellor. The above deadline may be extended up to fifteen (15) business days after completion of the hearing, if the Hearing Committee requests briefs and/or recommended findings of fact and conclusions of law from the parties.**

**3.15.8.**

**After receiving the Hearing Committee's summary of evidence, findings of fact, conclusions of law, and final recommendation in regard to dismissal, the Chancellor, may meet with the Hearing Committee to clarify any questions he/she may have. The Chancellor shall have ten (10) business days in which to review the recommendation regarding dismissal. The Chancellor may adopt the Hearing Committee's recommendation regarding dismissal or make his/her own recommendation and forward the recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendations of the Hearing Committee to the Governing Board.**

**3.15.9.**

**The Governing Board will meet with the Faculty member and/or his/her representative and a representative of the administration to hear arguments regarding the Chancellor's and the Hearing Committee's recommendation regarding dismissal. This meeting will be an executive session unless the Faculty member chooses to have this meeting in public. The parties shall have no less than one-half hour to present their**

**respective cases. The length of the meeting shall not exceed one (1) hour.**

**3.15.10.**

**The Governing Board, at a public meeting, shall render a final decision for retention or dismissal of the Faculty member. A copy of the final decision shall be sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in MCCCD records. It is expressly understood that the Governing Board decision does not diminish the Faculty member's right to seek other legal remedies under local, state and federal law.**

**[DSOF ¶¶1-2 (DSOF Exh. 1)].**

25. The Chancellor may meet with the Hearing Committee to clarify any questions he/she may have; and may then adopt the Hearing Committee's recommendation regarding dismissal or make his/her own recommendation and forward the recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendation of the Hearing Committee to the Governing Board. [Glasper Depo. at 7:18-8:2, 33:18-34:9 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -21- thru -23-, attached hereto as Exhibit 2; Castellanos Depo. at 17:11-18:22, attached hereto as Exhibit 3].

**Defendants object to PSOF ¶ 23 because it mischaracterizes and selectively cites to MCCCD's Residential Faculty Policy Manual. RFP § 3.15 is titled Faculty Member Dismissal – Probationary and Appointive and the subsections of RFP § 3.15 need to be read in conjunction one another. Notwithstanding the foregoing, Defendants do not dispute that MCCCD Residential Faculty Policy Manual for 2012-2013 (Effective July 1, 2012) Policy 3.15 states as follows:**

**3.15. Faculty Member Dismissal-Probationary and Appointive**

**A Faculty member who is recommended, by the College President, through the Chancellor, to the Governing Board, for dismissal shall have access to the following due-process procedures.**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**3.15.1.**

**A written statement of charges, formulated by the College President, shall be forwarded to the Vice Chancellor of Human Resources. After review of the charges, the Vice Chancellor, in consultation with the MCCCD Legal Office, may recommend, to the Chancellor, that there exists prima facie cause for the dismissal of a Faculty member. The Chancellor shall inform the Governing Board in writing, with a copy of the recommendation being sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in the MCCCD records. The Vice Chancellor's recommendation will give notice to the Chancellor, Governing Board, and the Faculty member of the intention to formally recommend dismissal, which shall not be sooner than thirty (30) days from the date of the letter, nor later than the end of the current academic year.**

**3.15.2.**

**A written statement of charges shall be provided to the Chancellor, Governing Board, and the Faculty member as an attachment to the notification outlined in the preceding paragraph. The statement of charges shall state, if applicable, the statutes, policies, rules, or written objectives of the College that the Faculty member is alleged to have violated. The statement of charges shall be of such specificity that the Faculty member will be able to prepare a defense based on the statement.**

**3.15.3.**

**The Faculty member shall have the right to a hearing by filing a written request with the Vice-Chancellor within five (5) business days after being served with a notice of intent to dismiss. The filing of a timely request shall suspend the dismissal procedure, pending the completion of the hearing.**

**3.15.4.**

**Upon request, a Hearing Committee shall be constituted within five (5) business days and shall be composed of three (3) Faculty members: one (1) appointed by the Chancellor, one (1) selected by the President of the Faculty Association, and one (1) selected by the member. All three (3) shall be Appointive Faculty. The committed member selected by the Chancellor and the**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**President of the Faculty Association will be from colleges other than the college where the Faculty member recommended for dismissal is assigned. The committee shall be considered constituted when the hearing committee and the Faculty member have been informed by the Faculty Association President of the committee's formation.**

**3.15.5.**

**The Hearing Committee shall select a Chair. Unless the parties stipulate to extend the time beyond that which is set forth below, the Chair shall conduct a meeting with the attorney representing the MCCCD and the Faculty member and/or his/her attorney/representative no later than twenty (20) business days after the formation of the committee for the purpose of exchanging exhibits, witness lists, and summaries of witness testimony. The Chair may choose to deny admission of an exhibit(s) or witness testimony for failure to comply with this Section.**

**3.15.6.**

**Unless the parties otherwise agree, the Hearing Committee shall conduct the hearing no later than ten (10) business days after the exchange of information detailed in Section 3.15.5. Prior to the hearing, the Faculty member must declare, in writing, whether he/she wishes the hearing to be public or in executive session. The member may attend the hearing; present any testimony, evidence, or statements, oral or written, in his/her behalf; and be represented by legal counsel or other representative. It is expressly understood that the act of testifying will not be subject to reprisal by the MCCCD.**

**3.15.7.**

**Within five (5) business days after completion of the hearing, the Hearing Committee shall provide the Chancellor, and the Faculty member with a summary of the evidence that was presented during the hearing. In addition, the Hearing Committee shall render binding written findings of fact and conclusions of law and forward these along with its recommendation regarding dismissal to the Chancellor. The above deadline may be extended up to fifteen (15) business days after completion of the hearing, if the Hearing Committee requests briefs and/or recommended findings of fact and conclusions of law from the parties.**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**3.15.8.**

**After receiving the Hearing Committee's summary of evidence, findings of fact, conclusions of law, and final recommendation in regard to dismissal, the Chancellor, may meet with the Hearing Committee to clarify any questions he/she may have. The Chancellor shall have ten (10) business days in which to review the recommendation regarding dismissal. The Chancellor may adopt the Hearing Committee's recommendation regarding dismissal or make his/her own recommendation and forward the recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendations of the Hearing Committee to the Governing Board.**

**3.15.9.**

**The Governing Board will meet with the Faculty member and/or his/her representative and a representative of the administration to hear arguments regarding the Chancellor's and the Hearing Committee's recommendation regarding dismissal. This meeting will be an executive session unless the Faculty member chooses to have this meeting in public. The parties shall have no less than one-half hour to present their respective cases. The length of the meeting shall not exceed one (1) hour.**

**3.15.10.**

**The Governing Board, at a public meeting, shall render a final decision for retention or dismissal of the Faculty member. A copy of the final decision shall be sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in MCCCD records. It is expressly understood that the Governing Board decision does not diminish the Faculty member's right to seek other legal remedies under local, state and federal law.**

**[DSOF ¶¶1-2 (DSOF Exh. 1)].**

26. The Governing Board will meet with the Faculty member and/or his/her representative and a representative of the administration to hear arguments regarding the Chancellor's and the Hearing Committee's recommendation regarding dismissal.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

[Glasper Depo. at 7:18-8:2, 33:18-34:9 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -21- thru -23-, attached hereto as Exhibit 2; Castellanos Depo. at 17:11-18:22, attached hereto as Exhibit 3].

**Defendants object to PSOF ¶ 23 because it mischaracterizes and selectively cites to MCCCD's Residential Faculty Policy Manual. RFP § 3.15 is titled Faculty Member Dismissal – Probationary and Appointive and the subsections of RFP § 3.15 need to be read in conjunction one another. Notwithstanding the foregoing, Defendants do not dispute that MCCCD Residential Faculty Policy Manual for 2012-2013 (Effective July 1, 2012) Policy 3.15 states as follows:**

**3.15. Faculty Member Dismissal-Probationary and Appointive**

**A Faculty member who is recommended, by the College President, through the Chancellor, to the Governing Board, for dismissal shall have access to the following due-process procedures.**

**3.15.1.**

**A written statement of charges, formulated by the College President, shall be forwarded to the Vice Chancellor of Human Resources. After review of the charges, the Vice Chancellor, in consultation with the MCCCD Legal Office, may recommend, to the Chancellor, that there exists prima facie cause for the dismissal of a Faculty member. The Chancellor shall inform the Governing Board in writing, with a copy of the recommendation being sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in the MCCCD records. The Vice Chancellor's recommendation will give notice to the Chancellor, Governing Board, and the Faculty member of the intention to formally recommend dismissal, which shall not be sooner than thirty (30) days from the date of the letter, nor later than the end of the current academic year.**

**3.15.2.**

**A written statement of charges shall be provided to the Chancellor, Governing Board, and the Faculty member as an attachment to the notification outlined in the preceding**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**paragraph. The statement of charges shall state, if applicable, the statutes, policies, rules, or written objectives of the College that the Faculty member is alleged to have violated. The statement of charges shall be of such specificity that the Faculty member will be able to prepare a defense based on the statement.**

**3.15.3.**

**The Faculty member shall have the right to a hearing by filing a written request with the Vice-Chancellor within five (5) business days after being served with a notice of intent to dismiss. The filing of a timely request shall suspend the dismissal procedure, pending the completion of the hearing.**

**3.15.4.**

**Upon request, a Hearing Committee shall be constituted within five (5) business days and shall be composed of three (3) Faculty members: one (1) appointed by the Chancellor, one (1) selected by the President of the Faculty Association, and one (1) selected by the member. All three (3) shall be Appointive Faculty. The committed member selected by the Chancellor and the President of the Faculty Association will be from colleges other than the college where the Faculty member recommended for dismissal is assigned. The committee shall be considered constituted when the hearing committee and the Faculty member have been informed by the Faculty Association President of the committee's formation.**

**3.15.5.**

**The Hearing Committee shall select a Chair. Unless the parties stipulate to extend the time beyond that which is set forth below, the Chair shall conduct a meeting with the attorney representing the MCCCD and the Faculty member and/or his/her attorney/representative no later than twenty (20) business days after the formation of the committee for the purpose of exchanging exhibits, witness lists, and summaries of witness testimony. The Chair may choose to deny admission of an exhibit(s) or witness testimony for failure to comply with this Section.**

**3.15.6.**

**Unless the parties otherwise agree, the Hearing Committee shall conduct the hearing no later than ten (10) business days after the exchange of information detailed in Section 3.15.5. Prior to the hearing, the Faculty member must declare, in writing, whether he/she wishes the hearing to be public or in executive session. The member may attend the hearing; present any testimony, evidence, or statements, oral or written, in his/her behalf; and be represented by legal counsel or other representative. It is expressly understood that the act of testifying will not be subject to reprisal by the MCCCD.**

**3.15.7.**

**Within five (5) business days after completion of the hearing, the Hearing Committee shall provide the Chancellor, and the Faculty member with a summary of the evidence that was presented during the hearing. In addition, the Hearing Committee shall render binding written findings of fact and conclusions of law and forward these along with its recommendation regarding dismissal to the Chancellor. The above deadline may be extended up to fifteen (15) business days after completion of the hearing, if the Hearing Committee requests briefs and/or recommended findings of fact and conclusions of law from the parties.**

**3.15.8.**

**After receiving the Hearing Committee's summary of evidence, findings of fact, conclusions of law, and final recommendation in regard to dismissal, the Chancellor, may meet with the Hearing Committee to clarify any questions he/she may have. The Chancellor shall have ten (10) business days in which to review the recommendation regarding dismissal. The Chancellor may adopt the Hearing Committee's recommendation regarding dismissal or make his/her own recommendation and forward the recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendations of the Hearing Committee to the Governing Board.**

**3.15.9.**

**The Governing Board will meet with the Faculty member and/or his/her representative and a representative of the administration to hear arguments regarding the Chancellor's and the Hearing Committee's recommendation regarding**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**dismissal. This meeting will be an executive session unless the Faculty member chooses to have this meeting in public. The parties shall have no less than one-half hour to present their respective cases. The length of the meeting shall not exceed one (1) hour.**

**3.15.10.**

**The Governing Board, at a public meeting, shall render a final decision for retention or dismissal of the Faculty member. A copy of the final decision shall be sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in MCCCD records. It is expressly understood that the Governing Board decision does not diminish the Faculty member's right to seek other legal remedies under local, state and federal law.**

**[DSOF ¶¶1-2 (DSOF Exh. 1)].**

27. The parties are to have no less than one-half hour to present their respective cases. (RFP § 3.15.9.). [Glasper Depo. at 7:18-8:2 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -23-, attached hereto as Exhibit 2].

**Defendants object to PSOF ¶ 23 because it mischaracterizes and selectively cites to MCCCD's Residential Faculty Policy Manual. RFP § 3.15 is titled Faculty Member Dismissal – Probationary and Appointive and the subsections of RFP § 3.15 need to be read in conjunction one another. Notwithstanding the foregoing, Defendants do not dispute that MCCCD Residential Faculty Policy Manual for 2012-2013 (Effective July 1, 2012) Policy 3.152 states as follows:**

**3.15. Faculty Member Dismissal-Probationary and Appointive**

**A Faculty member who is recommended, by the College President, through the Chancellor, to the Governing Board, for dismissal shall have access to the following due-process procedures.**

**3.15.1.**

**A written statement of charges, formulated by the College President, shall be forwarded to the Vice Chancellor of Human Resources. After review of the charges, the Vice Chancellor, in**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**consultation with the MCCCD Legal Office, may recommend, to the Chancellor, that there exists prima facie cause for the dismissal of a Faculty member. The Chancellor shall inform the Governing Board in writing, with a copy of the recommendation being sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in the MCCCD records. The Vice Chancellor's recommendation will give notice to the Chancellor, Governing Board, and the Faculty member of the intention to formally recommend dismissal, which shall not be sooner than thirty (30) days from the date of the letter, nor later than the end of the current academic year.**

**3.15.2.**

**A written statement of charges shall be provided to the Chancellor, Governing Board, and the Faculty member as an attachment to the notification outlined in the preceding paragraph. The statement of charges shall state, if applicable, the statutes, policies, rules, or written objectives of the College that the Faculty member is alleged to have violated. The statement of charges shall be of such specificity that the Faculty member will be able to prepare a defense based on the statement.**

**3.15.3.**

**The Faculty member shall have the right to a hearing by filing a written request with the Vice-Chancellor within five (5) business days after being served with a notice of intent to dismiss. The filing of a timely request shall suspend the dismissal procedure, pending the completion of the hearing.**

**3.15.4.**

**Upon request, a Hearing Committee shall be constituted within five (5) business days and shall be composed of three (3) Faculty members: one (1) appointed by the Chancellor, one (1) selected by the President of the Faculty Association, and one (1) selected by the member. All three (3) shall be Appointive Faculty. The committed member selected by the Chancellor and the President of the Faculty Association will be from colleges other than the college where the Faculty member recommended for dismissal is assigned. The committee shall be considered constituted when the hearing committee and the Faculty**

**member have been informed by the Faculty Association President of the committee's formation.**

**3.15.5.**

**The Hearing Committee shall select a Chair. Unless the parties stipulate to extend the time beyond that which is set forth below, the Chair shall conduct a meeting with the attorney representing the MCCCD and the Faculty member and/or his/her attorney/representative no later than twenty (20) business days after the formation of the committee for the purpose of exchanging exhibits, witness lists, and summaries of witness testimony. The Chair may choose to deny admission of an exhibit(s) or witness testimony for failure to comply with this Section.**

**3.15.6.**

**Unless the parties otherwise agree, the Hearing Committee shall conduct the hearing no later than ten (10) business days after the exchange of information detailed in Section 3.15.5. Prior to the hearing, the Faculty member must declare, in writing, whether he/she wishes the hearing to be public or in executive session. The member may attend the hearing; present any testimony, evidence, or statements, oral or written, in his/her behalf; and be represented by legal counsel or other representative. It is expressly understood that the act of testifying will not be subject to reprisal by the MCCCD.**

**3.15.7.**

**Within five (5) business days after completion of the hearing, the Hearing Committee shall provide the Chancellor, and the Faculty member with a summary of the evidence that was presented during the hearing. In addition, the Hearing Committee shall render binding written findings of fact and conclusions of law and forward these along with its recommendation regarding dismissal to the Chancellor. The above deadline may be extended up to fifteen (15) business days after completion of the hearing, if the Hearing Committee requests briefs and/or recommended findings of fact and conclusions of law from the parties.**

**3.15.8.**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**After receiving the Hearing Committee's summary of evidence, findings of fact, conclusions of law, and final recommendation in regard to dismissal, the Chancellor, may meet with the Hearing Committee to clarify any questions he/she may have. The Chancellor shall have ten (10) business days in which to review the recommendation regarding dismissal. The Chancellor may adopt the Hearing Committee's recommendation regarding dismissal or make his/her own recommendation and forward the recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendations of the Hearing Committee to the Governing Board.**

**3.15.9.**

**The Governing Board will meet with the Faculty member and/or his/her representative and a representative of the administration to hear arguments regarding the Chancellor's and the Hearing Committee's recommendation regarding dismissal. This meeting will be an executive session unless the Faculty member chooses to have this meeting in public. The parties shall have no less than one-half hour to present their respective cases. The length of the meeting shall not exceed one (1) hour.**

**3.15.10.**

**The Governing Board, at a public meeting, shall render a final decision for retention or dismissal of the Faculty member. A copy of the final decision shall be sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in MCCCD records. It is expressly understood that the Governing Board decision does not diminish the Faculty member's right to seek other legal remedies under local, state and federal law.**

**[DSOF ¶¶1-2 (DSOF Exh. 1)].**

28. The Governing Board, at a public meeting, shall render a final decision for the retention or dismissal of the Faculty member. [Glasper Depo. at 7:18-8:2 and Glasper Depo. Exhibit 1 (2012-2013 RFP) at -23-, attached hereto as Exhibit 2; Castellanos Depo. at 17:11-18:22, attached hereto as Exhibit 3].

**3.15. Faculty Member Dismissal-Probationary and Appointive**

**A Faculty member who is recommended, by the College President, through the Chancellor, to the Governing Board, for dismissal shall have access to the following due-process procedures.**

**3.15.1.**

**A written statement of charges, formulated by the College President, shall be forwarded to the Vice Chancellor of Human Resources. After review of the charges, the Vice Chancellor, in consultation with the MCCCD Legal Office, may recommend, to the Chancellor, that there exists prima facie cause for the dismissal of a Faculty member. The Chancellor shall inform the Governing Board in writing, with a copy of the recommendation being sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in the MCCCD records. The Vice Chancellor's recommendation will give notice to the Chancellor, Governing Board, and the Faculty member of the intention to formally recommend dismissal, which shall not be sooner than thirty (30) days from the date of the letter, nor later than the end of the current academic year.**

**3.15.2.**

**A written statement of charges shall be provided to the Chancellor, Governing Board, and the Faculty member as an attachment to the notification outlined in the preceding paragraph. The statement of charges shall state, if applicable, the statutes, policies, rules, or written objectives of the College that the Faculty member is alleged to have violated. The statement of charges shall be of such specificity that the Faculty member will be able to prepare a defense based on the statement.**

**3.15.3.**

**The Faculty member shall have the right to a hearing by filing a written request with the Vice-Chancellor within five (5) business days after being served with a notice of intent to dismiss. The filing of a timely request shall suspend the dismissal procedure, pending the completion of the hearing.**

**3.15.4.**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**Upon request, a Hearing Committee shall be constituted within five (5) business days and shall be composed of three (3) Faculty members: one (1) appointed by the Chancellor, one (1) selected by the President of the Faculty Association, and one (1) selected by the member. All three (3) shall be Appointive Faculty. The committed member selected by the Chancellor and the President of the Faculty Association will be from colleges other than the college where the Faculty member recommended for dismissal is assigned. The committee shall be considered constituted when the hearing committee and the Faculty member have been informed by the Faculty Association President of the committee's formation.**

**3.15.5.**

**The Hearing Committee shall select a Chair. Unless the parties stipulate to extend the time beyond that which is set forth below, the Chair shall conduct a meeting with the attorney representing the MCCCD and the Faculty member and/or his/her attorney/representative no later than twenty (20) business days after the formation of the committee for the purpose of exchanging exhibits, witness lists, and summaries of witness testimony. The Chair may choose to deny admission of an exhibit(s) or witness testimony for failure to comply with this Section.**

**3.15.6.**

**Unless the parties otherwise agree, the Hearing Committee shall conduct the hearing no later than ten (10) business days after the exchange of information detailed in Section 3.15.5. Prior to the hearing, the Faculty member must declare, in writing, whether he/she wishes the hearing to be public or in executive session. The member may attend the hearing; present any testimony, evidence, or statements, oral or written, in his/her behalf; and be represented by legal counsel or other representative. It is expressly understood that the act of testifying will not be subject to reprisal by the MCCCD.**

**3.15.7.**

**Within five (5) business days after completion of the hearing, the Hearing Committee shall provide the Chancellor, and the Faculty member with a summary of the evidence that was presented during the hearing. In addition, the Hearing Committee shall render binding written findings of fact and**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**conclusions of law and forward these along with its recommendation regarding dismissal to the Chancellor. The above deadline may be extended up to fifteen (15) business days after completion of the hearing, if the Hearing Committee requests briefs and/or recommended findings of fact and conclusions of law from the parties.**

**3.15.8.**

**After receiving the Hearing Committee's summary of evidence, findings of fact, conclusions of law, and final recommendation in regard to dismissal, the Chancellor, may meet with the Hearing Committee to clarify any questions he/she may have. The Chancellor shall have ten (10) business days in which to review the recommendation regarding dismissal. The Chancellor may adopt the Hearing Committee's recommendation regarding dismissal or make his/her own recommendation and forward the recommendation along with the summary of the evidence, a copy of the findings of fact, conclusions of law, and final recommendations of the Hearing Committee to the Governing Board.**

**3.15.9.**

**The Governing Board will meet with the Faculty member and/or his/her representative and a representative of the administration to hear arguments regarding the Chancellor's and the Hearing Committee's recommendation regarding dismissal. This meeting will be an executive session unless the Faculty member chooses to have this meeting in public. The parties shall have no less than one-half hour to present their respective cases. The length of the meeting shall not exceed one (1) hour.**

**3.15.10.**

**The Governing Board, at a public meeting, shall render a final decision for retention or dismissal of the Faculty member. A copy of the final decision shall be sent (U.S. certified or registered mail) to the Faculty member at his/her place of residence as recorded in MCCCD records. It is expressly understood that the Governing Board decision does not diminish the Faculty member's right to seek other legal remedies under local, state and federal law.**

**[DSOF ¶¶1-2 (DSOF Exh. 1)].**

29. Martinez exercised her right to an evidentiary hearing regarding the allegations in the August 9, 2013 Statement of Charges, which was held on November 18, 2013. [Glasper Depo. at 27:1-7, 33:18-34:9, attached hereto as Exhibit 2; Martinez Depo. Vol. I at 53:4-16, attached hereto as Exhibit 1].

**Defendants do not dispute PSOF ¶ 29.**

30. On December 9, 2013, after considering the pleadings and evidence presented at the hearing, including expert testimony, the Hearing Committee issued its written Findings of Fact, Conclusions of Law, and Recommendation, in which it made the following binding findings:

> [Phoenix College] failed to carry its burden of proof relating to violation of MCCCD's cash handling rules found in MCCCD Administrative Regulations 1.17, violation of Residential Policy Manual 3.2.4 (relating to financial interests in unpublished materials), violation of U.S. Copyright Law and fair use guidelines, and violation of MCCCD Administrative Regulations 3.2.4 and 3.2.5 related to copyright regulations.

[Glasper Depo. at 35:11-24 and Glasper Depo. Exhibit 5 (Hearing Committee Findings of Fact, Conclusions of Law, and Recommendation) at -7-, attached hereto as Exhibit 2; A more legible copy of the Hearing Committee Findings of Fact, Conclusions of Law, and Recommendation is also at Bates Numbers MCCCD/Martinez03845-03852, attached hereto as Exhibit 4].

**Defendants object to PSOF ¶ 30 because it mischaracterizes and selectively cites to the MCCCD Hearing Committee's Findings of Fact, Conclusions of Law, and Recommendation – which total eight pages in length. The Hearing Committee's conclusions of law are as follow:**

**<u>CONCLUSIONS</u>**

> **63. PC failed to carry its burden of proof relating to violation of MCCCD's cash handling rules found in MCCCD Administrative Regulations 1.17, violation of Residential Policy Manual 3.2.4 (relating to financial interests in unpublished materials), violation of U.S. Copyright Law and fair use guidelines, and violation of MCCCD**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**Administrative Regulations 3.2.4 and 3.2.5 related to copyright regulations.**

**64. Notwithstanding their education, their experience and their good faith Mr. Bellamy and Mr. Garrison disagreed as to whether or not Dr. Martinez violated copyright law. Therefore, it is inconclusive as to whether or not Dr. Martinez violated copyright law. Therefore, it is inconclusive as to whether or not Dr. Martinez intentionally and/or inadvertently violated federal copyright law.**

**65. It is inconclusive as to whether or not Dr. Martinez violated the "cash handling" policies of MCCCD.**

**66. Dr. Martinez willfully and intentionally failed to follow instructions that were communicated to her when she failed to issue refunds to students as directed by President Solley.**

**67. Dr. Martinez conceded that she never complied with President Solley's clear directive to issue refunds to her students. Although Cr. Martinez now regrets her decision not to comply with President Solley's directive, she has never claimed that she did not understand the instructions or that the instructions were beyond the scope of management's authority. Viewed in light of these facts, Martinez's claim that she "made a mistake" is an admission of willful insubordination.**

**68. By failing to comply with President Solley's directive to issue refunds to her students, Dr. Martinez violated MCCCD Administrative Regulation 6.7.1 which prohibits the "[w]illful and intentional violation of any MCCCD administrative regulation that affects the employee's ability to perform his or her job."**

**69. By failing to comply with President Solley's directive to issue refunds to students, Dr. Martinez violated MCCCD Administrative Regulation 6.7.3 which prohibits the "[w]illful and intentional failure to preform job duties that have first been communicated to an employee and are within the employee's scope of employment."**

**[DSOF ¶24 (DSOF Exh. 24, p. 7)].**

31. The Committee further found, however, that Martinez "willfully and intentionally failed to follow instructions that were communicated to her when she failed to issue refunds to students as directed by President Solley in violation of MCCCD Administrative Regulations 6.7.1. and 6.7.3. [*Id*.].

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**Defendants do not dispute that the Hearing Committee found Plaintiff to have engaged in willful insubordination. However, Defendants object to PSOF ¶ 31 because it misquotes and mischaracterizes the MCCCD Hearing Committee's conclusions of law regarding Plaintiff's willful insubordination. The Hearing Committee's conclusions of law regarding Plaintiff's willful insubordination are as follow:**

> **66. Dr. Martinez willfully and intentionally failed to follow instructions that were communicated to her when she failed to issue refunds to students as directed by President Solley.**
>
> **67. Dr. Martinez conceded that she never complied with President Solley's clear directive to issue refunds to her students. Although Cr. Martinez now regrets her decision not to comply with President Solley's directive, she has never claimed that she did not understand the instructions or that the instructions were beyond the scope of management's authority. Viewed in light of these facts, Martinez's claim that she "made a mistake" is an admission of willful insubordination.**
>
> **68. By failing to comply with President Solley's directive to issue refunds to her studnets, Dr. Martinez violated MCCCD Administrative Regulation 6.7.1 which prohibits the "[w]illful and intentional violation of any MCCCD administrative regulation that affects the employee's ability to perform his or her job."**
>
> **69. By failing to comply with President Solley's directive to issue refunds to students, Dr. Martinez violated MCCCD Administrative Regulation 6.7.3 which prohibits the "[w]illful and intentional failure to preform job duties that have first been communicated to an employee and are within the employee's scope of employment."**
>
> **[DSOF ¶24 (DSOF Exh. 24, p. 7)].**

32. The Committee further recommended that the Governing Board deny the termination request and allow Martinez to continue her MCCCD employment [Glasper Depo. at 35:11-24 and Glasper Depo. Exhibit 5 (Hearing Committee Findings of Fact, Conclusions of Law, and Recommendation) at -8-, attached hereto as Exhibit 2; A more legible copy of the Hearing Committee Findings of Fact, Conclusions of Law, and Recommendation is also at Bates Numbers MCCCD/Martinez03845-03852, attached

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

hereto as Exhibit 4].

**Defendants object to PSOF ¶ 32 because it selectively cites to the MCCCD Hearing Committee's recommendations. The Hearing Committee's recommendations state as follows:**

> **70. We hereby recommend that the Governing Board deny President Solley's termination request and allow Dr. Martinez to continue her MCCCD employment.**
>
> **71. Per MCCCD Administrative Regulation 6.7 indicating that violation of any Employment Standards "constituted grounds for disciplinary action, *up to* [emphasis added] and including termination," we hereby recommend that the Governing Board retain Dr. Martinez."**

**[DSOF ¶24 (DSOF Exh. 24, p. 8)].**

33. The Hearing Committee then delivered to Glasper, its summary of evidence, findings of fact, conclusions of law, and final recommendation. [Glasper Depo. at 34:23-35:10 and Glasper Depo. Exhibit 4 (December 9, 2013 Letter from Hearing Committee Counsel to Glasper), attached hereto as Exhibit 2].

**Defendants do not dispute that the Hearing Committee delivered its Findings of Fact, Conclusions of Law, and Recommendation dated December 9, 2013 to Chancellor Glasper.**

34. On February 10, 2014, pursuant RFP § 3.15.8., Glasper sent a letter to the President of the Governing Board indicating that he had accepted the recommendation of the Hearing Committee that Martinez not be dismissed. [Glasper Depo. at 35:25-36:14, 37:23-38:12 and Glasper Depo. Exhibit 6 (February 10, 2014 Letter from Glasper to Governing Board with attachments) at 1-2, attached hereto as Exhibit 2].

**Defendants admit that on February 10, 2014, Chancellor Glasper sent a letter to the President of MCCCD's Governing Board forwarding his recommendation regarding dismissal and informing the Governing Board*:***

**Based on all the information referred to above and attached hereto, I accept**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

> **the written recommendation of the committee that Dr. Martinez NOT be dismissed. After consulting with the committee, I have determined that a lesser sanction authorized by the RFP and within my sole discretion as Chancellor is appropriate and warranted.**
>
> **Exhibit A.**

**Plaintiff's counsel Steven Montoya was copied on this email. Exhibit A. Included with Chancellor Glasper's February 10, 2014 letter to the Governing Board and Plaintiff's counsel was the February 10, 2014 Notice of Suspension without Pay, Statement of Charges, and the Hearing Committee's Findings of Fact, Conclusions of Law, and Recommendation, and relevant RFP sections. Exhibit A.**

35. Glasper could have recommended to the Governing Board that they give Martinez some discipline less than a termination, such as a suspension. [Glasper Depo. at 34:4-9, attached hereto as Exhibit 2].

**Defendants do not dispute that the Governing Board holds ultimate authority over personnel actions. But as the Chancellor of MCCCD, Glasper "had the right pursuant to the Residential Faculty Policies to unilaterally lower discipline from termination to suspension." Doc. 72-2, p. 35 (Glasper deposition correction page at PSOF Exh. 2). Chancellor Glasper exercised this authority when he prepared the February 10, 2014 Notice of Suspension without Pay and Statement of Charges, which he forwarded to the Governing Board under a February 10, 2014 cover letter with a copy to Plaintiff's counsel. Exhibit A. Nevertheless, if a faculty member "did not agree with a suspension, then they could request that it go to the Vice Chancellor and then to [the Chancellor] and then to the Governing Board. But that doesn't mean that a suspended employee has the right to a hearing before the Governing Board. Rather, it is up to the Governing Board whether the Governing Board wants to hear more about a suspension." Doc. 72-2, p. 35 (Glasper deposition correction page at PSOF Exh. 2). In accordance with this practice, Plaintiff was allowed to submit a nine page legal brief to the Governing Board through her attorney arguing that her "fourteen-month suspension is the**

**economic equivalent of a dismissal." [DSOF ¶ 29]. Plaintiff also sent at least four letters to the Governing Board asking "the board to intervene in [her] case to rescind the Chancellor's suspension." [DSOF ¶ 30]. On March 25, 2014, Plaintiff and her counsel each separately spoke before the Governing Board in open session and advanced the argument that her suspension was improper and that "the chancellor's fourteen month suspension of [Plaintiff] is the functional equivalent of termination from the district." [DSOF ¶30]. Plaintiff also appeared before the Governing Board in open session a second time on October 28, 2014 and argued against her suspension. [DSOF ¶35]. Finally, Plaintiff had two other individuals separately appear before the Governing Board on her behalf and object to her suspension. [DSOF ¶35].**

36. Dr. Glasper did not do so. [Glasper Depo. at 37:23-38:2, attached hereto as Exhibit 2].

**Defendants do not dispute that Chancellor Glasper did not seek Governing Board approval of Plaintiff' suspension. But as the Chancellor of MCCCD, Glasper "had the right pursuant to the Residential Faculty Policies to unilaterally lower discipline from termination to suspension." Doc. 72-2, p. 35 (Glasper deposition correction page at PSOF Exh. 2). Chancellor Glasper exercised this authority when he prepared the February 10, 2014 Notice of Suspension without Pay and Statement of Charges, which he forwarded to the Governing Board under a February 10, 2014 cover letter with a copy to Plaintiff's counsel. Exhibit A. Nevertheless, if a faculty member "did not agree with a suspension, then they could request that it go to the Vice Chancellor and then to [the Chancellor] and then to the Governing Board. But that doesn't mean that a suspended employee has the right to a hearing before the Governing Board. Rather, it is up to the Governing Board whether the Governing Board wants to hear more about a suspension." Doc. 72-2, p. 35 (Glasper deposition correction page at PSOF Exh. 2). In accordance**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**with this practice, Plaintiff was allowed to submit a nine page legal brief to the Governing Board through her attorney arguing that her "fourteen-month suspension is the economic equivalent of a dismissal." [DSOF ¶ 29]. Plaintiff also sent at least four letters to the Governing Board asking "the board to intervene in [her] case to rescind the Chancellor's suspension." [DSOF ¶ 30]. On March 25, 2014, Plaintiff and her counsel each separately spoke before the Governing Board in open session and advanced the argument that her suspension was improper and that "the chancellor's fourteen month suspension of [Plaintiff] is the functional equivalent of termination from the district." [DSOF ¶30]. Plaintiff also appeared before the Governing Board in open session a second time on October 28, 2014 and argued against her suspension. [DSOF ¶35]. Finally, Plaintiff had two other individuals separately appear before the Governing Board on her behalf and object to her suspension. [DSOF ¶35].**

37. Instead, the same day, Glasper sent a letter to Martinez stating that:

> Based upon the [attached] written statement of charges, <u>I have decided to suspend your employment under my sole authority as Chancellor pursuant to section 3.11 of the Residential Faculty Policies</u>. The purpose of this letter [is] to notify you that your suspension from your position as Mathematics faculty at Phoenix College will begin on March 1, 2014 and end on May 15, 2015. Your teaching responsibilities and pay will resume Fall semester, 2015 unless you choose to retire (see below).
>
> Having sought the advice of the General Counsel as required by Section 3.11.3 of the RFP, <u>I am satisfied that your procedural rights concerning the grounds for suspension have been met</u>. The basis for this action is the unanimous finding of an independent hearing committee that you willfully violated the district policies set forth in the statement of charges and that I have the authority to suspend your employment without pay.
>
> Also under the terms of subsection 3.11.3, the interim Vice Chancellor for Human Resources will offer to consult with you...concerning the rationale for this decision. If you accept his invitation, he will deliver this notice and attachment after the meeting. If you decline your opportunity to consult with him, he will have the decision delivered to you in accordance with the

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

policy.

> You may voluntarily retire from your position in lieu of this suspension without pay....

[Glasper Depo. at 35:25-36:14, 38:3-12 and Glasper Depo. Exhibit 6 (February 10, 2014 Letter from Glasper to Governing Board with attachments) at page 3, attached hereto as Exhibit 2; Castellanos Depo. at 26:12-24 and Castellanos Depo. Exhibit 6 (February 10, 2014 Notice of Suspension without Pay and Statement of Charges) at page 1 of 11, attached hereto as Exhibit 3].

**Defendants object to PSOF ¶ 37 because it mis-cites Glasper's letter to Plaintiff by adding emphasis without noting the emphasis was not contained in the original. PSOF ¶ 37 is further objectionable because the cited language is not the entire letter. Notwithstanding the foregoing, Defendants do not dispute that Plaintiff and her counsel were provided with Plaintiff's notice of suspension on February 10, 2014 that outlined the dates of her suspension from March 1, 2014 through May 15, 2015. Exhibit A. Plaintiff's suspension dates were later modified to April 15, 2014 through May 15, 2015. [DSOF ¶27]**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

38. RFP § 3.11. was renumbered under the 2013-2014 RFP. Under the previous RFP, for 2012-2013, it was numbered as § 3.13. [Glasper Depo. at 36:16-37:1, attached hereto as Exhibit 2].

**Defendants do not dispute RFP ¶ 38.**

39. The suspension was later pushed back to April 14, 2014 due to scheduling conflicts for a meeting between Glasper, the Vice-chancellor of HR and Martinez. [Deposition of Dr. Cleopatria Martinez on October 11, 2016 ("Martinez Depo. Vol. II") at 287:11-288:14, attached hereto as Exhibit 5].

**Defendants dispute PSOF ¶ 39. The Statement of Charges was originally dated February 10, 2014, with an effective suspension date of March 1, 2014. [DSOF**

**¶27]. MCCCD originally scheduled a meeting between Plaintiff and Vice Chancellor of Human Resources Bowers to discuss the Statement of Charges on February 25, 2014 – four days before the effective date of the suspension. [DSOF ¶27]. The day before the meeting was scheduled to take place, Plaintiff unilaterally canceled the meeting citing a "sudden medical issue." [DSOF ¶27] She informed MCCCD that the earliest she could meet consistent with her attorney's schedule was Friday, March 7, 2014. [DSOF ¶27] MCCCD accommodated Plaintiff's request to move her meeting to March 7, 2014, and postponed Plaintiff's suspension by one month to ensure that she received a meeting with the Vice Chancellor prior to the suspension taking effect. [DSOF ¶27] Plaintiff was issued a an Update to Notice of Suspension Without Pay dated April 14, 2014 which stated that her revised dates of suspension were April 15, 2014 through May 15, 2015. [DSOF ¶27]**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

40. This was the first time in Glasper's nearly thirteen years as Chancellor that Glasper suspended a faculty member under 2013-2014 RFP § 3.11. or an equivalent section from previous RFPs. [Glasper Depo. at 43:19-21, Glasper Depo. Errata Sheet at 43:21, attached hereto as Exhibit 2].

**Defendants object to PSOF ¶ 40 because the allegations are irrelevant and inadmissible because they do not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401, 402; Fed. R. Civ. P. 56(c)(2). Notwithstanding the foregoing, Dr. Glasper only recalls suspending two faculty members under 2013-2014 RFP § 3.11. or an equivalent section from previous RFPs. Those two individuals were Plaintiff in April of 2014 and one other faculty member in February of 2016. Doc. 72-2, p. 35 (Glasper deposition correction page at PSOF Exh. 2); DSOF ¶26-28; DSOF Exh. 36.**

41. The only other *unpaid* suspension Glasper issued under this policy,

pursuant to with faculty members are "normally paid", occurred in February, 2016, the last month of Glasper's employment with MCCCD, and after this lawsuit was filed. [Glasper Depo. at 43:19-21, Glasper Depo. Errata Sheet at 43:21; Castellanos Depo. at 63:3-14 and Castellanos Depo. Exhibit 12 (Personnel Action Request) at page 1-2, attached hereto as Exhibit 3].

**Defendants object to PSOF ¶ 41 because the allegations are irrelevant and inadmissible because they do not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401, 402; Fed. R. Civ. P. 56(c)(2). Notwithstanding the foregoing, Defendants Dr. Glasper only recalls suspending two faculty members under 2013-2014 RFP § 3.11 or an equivalent section from previous RFPs. Those two individuals were Plaintiff in April of 2014 and one other faculty member in February of 2016. Doc. 72-2, p. 35 (Glasper deposition correction page at PSOF Exh. 2); DSOF ¶26-28; DSOF Exh. 36.**

42. It was a three-day suspension that involved no loss of benefits. [*Id.*].

**Defendants object to PSOF ¶ 42 because the allegations are irrelevant and inadmissible because they do not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401, 402; Fed. R. Civ. P. 56(c)(2). Notwithstanding the foregoing, the faculty member suspension that occurred in February 2016 was without pay, but did not result in a loss of benefits.**

43. Along with the Notice of Suspension without Pay, Glasper provided Martinez with a Statement of Charges, also signed by Glasper, in which the allegations in the August 9, 2013 Statement of Charges are essentially repeated, but in which it is also written, in pertinent part, as follows:

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

> Based upon the findings of the hearing committee which are attached to this statement, and the record of their proceeding, I have determined as follows:
>
> ******
>
> An additional concern arose after a student brought the copying to PC's attention, complaining you did not provide receipts for the material charges. MCCCD Administrative Regulation 1.12 states as follows:
>
>> `1.12.2 Authorization
>>
>> Prior to participating in the sale of products or services, Revenue and Expenditure categories must be included in a program's budget, and approved by the Governing Board during the annual budget adoption process, or as legally changed the first year
>>
>> 1.12.3. Fees
>>
>> Fees exchanged for products or services produced through an educational, training or service activity shall be pre-approved by the Governing Board.'
>
> Phoenix College determined that your course materials charge was not included in the adopted budget or pre-approved by the Governing Board.

[Glasper Depo. at 35:25-38:12 and Glasper Depo. Exhibit 6 (February 10, 2014 Letter from Glasper to Governing Board with attachments) at pages 4-5, attached hereto as Exhibit 2; Castellanos Depo. at 26:12-24 and Castellanos Depo. Exhibit 6 (February 10, 2014 Notice of Suspension without Pay and Statement of Charges) at Page 2-3 of 11, attached hereto as Exhibit 3].

**Defendants do not dispute that sections 1.12.2 and 1.12.3 of MCCCD'S administrative regulations are referenced in the February 10, 2014 written notice of suspension which was sent to Plaintiff's counsel on that same date. The February 10, 2014 written notice of suspension shows that Plaintiff's prior counsel, Stephen Montoya, is a copied recipient of the notice of suspension. Exhibit A. Regulation 1.12.2 and 1.12.3 *inter alia* prohibit the unauthorized sale of course materials to students which is the exact issue on which the hearing committee ruled the Plaintiff was willfully insubordinate. Exhibit A; DSOF Exhs. 24 & 36. After receiving the**

**notice of suspension, which includes references to sections 1.12.2 and 1.12.3 of the administrative regulations on February 10, 2014, Plaintiff received a subsequent due process meeting with MCCCD's Vice Chancellor of Human Resources, Jim Bowers, on March 7, 2014. Exhibit A; DSOF ¶28. At the March 7, 2014 meeting, Plaintiff was represented by her counsel, Stephen Montoya, who had been in receipt of the notice of suspension for nearly a month. Exhibit A; DSOF ¶28. Plaintiff, through her counsel had not only been on notice of section 1.12.2 and 1.12.3 of the administrative regulations for nearly a month but had a full and complete opportunity to make any arguments that she desired at her due process meeting before Chancellor Bowers on March 7, 2014. Exhibit A; DSOF ¶28.**

44. Neither this allegation nor the cited regulations were mentioned in the original Statement of Charges dated August 9, 2013. [Glasper Depo. at 10:10-11:9, 35:25-38:12, 47:23-48:23, Glasper's Errata Sheet at 43:21, and Compare Glasper Depo. Exhibit 3 (August 9, 2013 Notice of Dismissal and Statement of Charges) with Glasper Depo. Exhibit 6 (February 10, 2014 Letter from Glasper to Governing Board with attachments) at page 4-5, attached hereto as Exhibit 2; Castellanos Depo. at 41:7-10 attached hereto as Exhibit 3].

**Defendants do not dispute that sections 1.12.2 and 1.12.3 of MCCCD'S administrative regulations are referenced in the February 10, 2014 written notice of suspension which was sent to Plaintiff's counsel on that same date. The February 10, 2014 written notice of suspension shows that Plaintiff's prior counsel, Stephen Montoya, is a copied recipient of the notice of suspension. Exhibit A. Regulation 1.12.2 and 1.12.3 *inter alia* prohibit the unauthorized sale of course materials to students which is the exact issue on which the hearing committee ruled the Plaintiff was willfully insubordinate. Exhibit A; DSOF Exhs. 24 & 36. After receiving the notice of suspension, which includes references to sections 1.12.2 and 1.12.3 of the administrative regulations on February 10, 2014, Plaintiff received a subsequent**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**due process meeting with MCCCD's Vice Chancellor of Human Resources, Jim Bowers, on March 7, 2014. Exhibit A; DSOF ¶28. At the March 7, 2014 meeting, Plaintiff was represented by her counsel, Stephen Montoya, who had been in receipt of the notice of suspension for nearly a month. Exhibit A; DSOF ¶28. Plaintiff, through her counsel had not only been on notice of section 1.12.2 and 1.12.3 of the administrative regulations for nearly a month but had a full and complete opportunity to make any arguments that she desired at her due process meeting before Chancellor Bowers on March 7, 2014. Exhibit A; DSOF ¶28.**

45. Instead, they appeared for the first time in the February 10, 2014 Statement of Charges. [Plaintiff's Verified Amended Complaint, ¶39; Defendants' Answer to Plaintiff's Verified Amended Complaint at ¶39].

**Defendants object to the allegations contained in PSOF ¶ 44 because the Defendants do not dispute that sections 1.12.2 and 1.12.3 of MCCCD'S administrative regulations are referenced in the February 10, 2014 written notice of suspension which was sent to Plaintiff's counsel on that same date. The February 10, 2014 written notice of suspension shows that Plaintiff's prior counsel, Stephen Montoya, is a copied recipient of the notice of suspension. Exhibit A. Regulation 1.12.2 and 1.12.3 *inter alia* prohibit the unauthorized sale of course materials to students which is the exact issue on which the hearing committee ruled the Plaintiff was willfully insubordinate. Exhibit A; DSOF Exhs. 24 & 36. After receiving the notice of suspension, which includes references to sections 1.12.2 and 1.12.3 of the administrative regulations on February 10, 2014, Plaintiff received a subsequent due process meeting with MCCCD's Vice Chancellor of Human Resources, Jim Bowers, on March 7, 2014. Exhibit A; DSOF ¶28. At the March 7, 2014 meeting, Plaintiff was represented by her counsel, Stephen Montoya, who had been in receipt of the notice of suspension for nearly a month. Exhibit A; DSOF ¶28. Plaintiff, through her counsel had not only been on notice of section 1.12.2 and**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**1.12.3 of the administrative regulations for nearly a month but had a full and complete opportunity to make any arguments that she desired at her due process meeting before Chancellor Bowers on March 7, 2014. Exhibit A; DSOF ¶28.**

46. As a result of her suspension, Martinez did not receive any salary or benefits for sixteen months from April 15, 2014, to the beginning of the Fall semester in August 2015. [Martinez Depo. Vol. II at 289:16-290:4, attached hereto as Exhibit 5].

**Defendants dispute PSOF ¶ 46. Plaintiff was suspended without pay from April 15, 2014 through May 15, 2015 - a period of 13 months. [DSOF ¶¶26-27] Defendants do not dispute that Plaintiff did not receive benefits during this time period.**

47. The benefits lost to Martinez during that period included, among other things, medical insurance, dental insurance, paid sick leave, personal leave, basic life insurance, accidental death & personal loss insurance, mid-term disability insurance and access to the employee assistance program. [Martinez Depo. Vol. II at 289:16-290:4, attached hereto as Exhibit 5].

**Defendants do not dispute PSOF ¶47.**

48. She also suffered emotional distress related to the lack of due process and long-term suspension. [Martinez Depo. Vol. II at 164:8-19, attached hereto as Exhibit 5].

**Defendants dispute PSOF ¶ 48. Plaintiff has waived her claims that she was purportedly depressed, suicidal or required medical treatment or medication for her alleged emotional distress that she attributes to MCCCD. Exhibit B (WILSON 00001-00006). Moreover, as MCCCD's expert witness Brady Wilson, M.D. opined, Plaintiff's emotional distress claim is "not credible" based on her medical record. As Dr. Wilson summarized in his expert report:**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

> **Cleopatria Martinez does not present in her medical record as a reliable and accurate historian. She frequently contradicts herself in different venues of examination. She appears to "feign ineptitude" when required to answer a question where there is a possibility that an answer might negatively reflect upon her lawsuit. All data supports a pervasive pattern where Cleopatria Martinez is "mismanaging information" in such a way as to support her narrative of being harmed while in the employment of the District. There is significant evidence of malingering; a pattern of exaggeration and the mismanagement of information in attempts to present herself as considerably more distributed than in this case. This pattern of dissimulation, contradiction, disinclination to candor, lack of reliability and misrepresentation support my opinion that, based upon forensic record review, Cleopatria Martinez is mismanaging information that relates to her lawsuit.**

**Exhibit B (WILSON 00006). Dr. Wilson further elaborated that Plaintiff's "claims that any emotional distress she suffered is solely attributable to the District … is not credible" and noted her "well documented history of depression and anxiety" based on the "multiple competitive causal stresses in her life" including "a history of divorce, problems with her children, previous episodes of depression unknown characterological issues, and a complex medical history of an unknown origin." Exhibit B (WILSON 00004). Dr. Wilson also noted that "Cleopatria Martinez is extreme in her fabrication or attribution of symptoms to the point that the presentation is fantastic or preposterous." Exhibit B (WILSON 00004).**

49. Glasper's dismissal recommendation had been followed by a vigorous prosecution of the case Martinez before the Hearing Committee by MCCCD employees and counsel who fought to support Glasper's dismissal recommendation. [November 18, 2013 Hearing Transcript at 12:3-25:9, 158:5-163:15, attached hereto as Exhibit 6].

**Defendants do not dispute that MCCCD initiated termination proceedings against Martinez and that she received a full day administrative hearing before a Hearing Committee comprised of her peers. Defendant objects to the remainder of the allegations in PSOF ¶49 because they are argumentative, irrelevant and inadmissible because they do not "make the existence of any fact that is of**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401, 402; Fed. R. Civ. P. 56(c)(2).**

RESPECTFULLY SUBMITTED this 17th day of April 2017.

FISHER & PHILLIPS LLP

By s/ Shayna H. Balch
Pavneet Singh Uppal
Shayna H. Balch
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
Attorneys for Defendants

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April 2017 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Edmundo P. Robaina
Thomas T. Griffin
Ashley A. Marton
ROBAINA & KRESIN PLLC
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Attorneys for Plaintiff

s/ Michelle C. Colwell

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400