Edmundo P. Robaina (No. 018125)
Thomas T. Griffin (No. 022475)
Ashley A. Marton (No. 029442)
ROBAINA & KRESIN PLLC
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
epr@robainalaw.com
ttg@robainalaw.com
aam@robainalaw.com

Attorneys for Plaintiff Cleopatria Martinez

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Cleopatria Martinez,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County Community College District, *et al*.,<br><br>　　　　　Defendants. | No. CV 15-01759 NVW<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Cleopatria Martinez ("Martinez") hereby replies to Defendants' Response to Plaintiff's Motion for Summary Judgment (the "Response"). For the reasons set forth in Plaintiff's Motion for Summary Judgment and below, Martinez respectfully requests that the Court grant her motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   DEFENDANTS VIOLATED MARTINEZ'S DUE PROCESS RIGHTS IN RELATION TO HER SUSPENSION**

In their Response, Defendants argue that Martinez had "all the process she was due" with respect to her suspension because Martinez was provided all the process afforded her by MCCCD's rules. Defendants' assertion is based on the fact that Martinez had a prehearing meeting with Phoenix College President Solley and Vice President Kakar regarding Defendants' intent to dismiss her, a hearing before the Hearing Committee with respect to the intent to dismiss her, and a meeting with Vice

Chancellor of Human Resources Bowers after Defendant Rufus Glasper ("Glasper") decided to suspend her; and because Martinez made several (unsuccessful) attempts to seek Governing Board review of the suspension. Defendants are incorrect for several reasons.

First, even if Defendants followed MCCCD procedures perfectly, that does not mean that they properly observed Martinez's due process rights. As noted in Plaintiff's Motion for Summary Judgment, due process is a matter of federal law and may not be diminished by the fact that a public employer may have specified its own procedures that it deems adequate for determining the preconditions to adverse official action. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 540-41 (1985); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432 (1982).

Second, while as Defendants note, the neutral and detached Hearing Committee heard the dismissal case against Martinez, it did not make the decision with respect to suspension. Additionally, the meeting with President Solley and Vice President Kakar did not satisfy due process because that meeting, again related to the intent to dismiss Martinez was, in any case, only in the first half of the due process equation -- the informal, non-neutral pre-disciplinary "hearing" required under *Loudermill* as an initial check. *See Loudermill*, 470 U.S. at 545-46; *Walker v. Berkeley*, 951 F.2d 182, 183-84 (9th Cir. 1991).

Furthermore, the mere opportunity to discuss the suspension with Vice-Chancellor Bowers after receiving the notice of suspension was inadequate for due process purposes. Bowers could not be a neutral arbiter of his boss's decision to suspend Martinez, and in any case, he had no authority to change the suspension [Defendants' Responses and Objections to Plaintiff's Statement of Material Facts in Support of Material Facts in Support of Plaintiff's Motion for Summary Judgment ("Defendant's Objections") ¶ 22].

Nor did the several futile attempts Martinez made to seek Governing Board review of the suspension somehow render Defendants' actions consistent with due

1 process. The Governing Board made no decisions whatsoever regarding the matter. [Defendants' Objections ¶¶ 35-37]**.**  Finally, Glasper, as explained below, was not an impartial decisionmaker in this case.

Third, even if Defendant had provided appropriate due process with regard to the allegations that were both in the notice of intent to dismiss and the notice of suspension, as noted in Plaintiff's Motion for Summary Judgment, Glasper added a new allegation in the August 9, 2013 Statement of Charges (See Motion pp. 9-10) for which Martinez also had the right to a meaningful opportunity to be heard before an impartial decisionmaker. This never occurred in any forum.

In sum, Martinez was not given the opportunity to be heard by a neutral and detached decisionmaker with respect to the suspension. Defendants therefore violated her due process rights.

### A. Due Process Requires an Impartial Decision Maker, and Glasper was Not Impartial

In their Response, Defendants notably do not actually claim that Glasper was an impartial decisionmaker with regard to the suspension. Instead, Defendants cite *Withrow v. Larkin*, 421 U.S. 35 (1975) for the proposition that Glasper was not precluded from deciding that Martinez would be suspended because of his prior involvement in the dismissal proceedings. (See Response p. 12-14).

In *Withrow,* the Supreme Court noted that a fair trial in a fair tribunal is a basic requirement of due process, and that this requirement applies to administrative agencies which adjudicate as well as courts. *Id.* at 46. The Court held, however, that the mere fact that <u>nonadversary</u> investigative powers and adjudicative powers are combined in a state administrative agency, without more, does not violate due process. *Id.* at 48-55.[1]

---

[1] Notably, even where the issue is the inter-agency combination of investigative and adjudicative functions, the Court held that a court is not precluded from determining from the special facts and circumstances of a case before it that the risk of unfairness is unreasonably high. *Id.* at 58. Moreover, as noted in *Walker,* the *Withrow* Court understood that in that case, different persons had performed the investigative and

- 3 -

1 *Withrow* has been distinguished, where, for example, the same individual who prosecutes, or investigates and prosecutes, the case before an administrative agency then becomes a decisionmaker in the same proceeding. *See e.g., Osuagwu v. Gila Reg'l Med. Ctr.*, 938 F.Supp.2d 1142, 1163-65 (D.N.M. 2012) (physician's due process rights violated where acting Chief of Staff played roles as accuser, prosecutor, investigator and judge in summary suspension and termination of physician's hospital privileges); *Davenport Pastures, LP v. Morris County Bd.*, 291 Kan. 132, 146-48 (2010) (probable risk of actual bias is too high where county counselor had roles as legal adviser to Board of Commissioners, advocate, and arguably adjudicator of a damages award related to the Board's decision to vacate roads); *Davis v. Wood*, 427 A.2d 332, 337 (R.I. 1981) (although a combination of investigatory and judicial function is not always prohibited, when the same individual who investigates and prosecutes the case before an administrative agency then becomes a factfinder in the same proceeding, the adjudicatory state of the proceeding has been unconstitutionally tainted); *Gashgai v. Board of Registration In Medicine*, 390 A.2d 1080, 1082 n.1 (Me. 1978) ("[T]he combination of investigator, prosecutor and sitting member of the adjudicatory panel, even if ostensibly a nonparticipating member, creates an intolerably high risk of unfairness"); *Bruteyn v. State Dental Council & Examining Board*, 32 Pa. Commw. 541, 380 A.2d 497, 501 (1977) (prosecutorial and administrative functions unconstitutionally intertwined where same attorney general who investigated and prosecuted a case before the Dental Board also drafted a final adjudication and order). *See also Pickering v. Board of Educ.*, 391 U.S. 563, 578 n. 2 (1968) (critiquing fact that

---

decisionmaking functions. *Walker*, 951 F.2d at 185 (*citing Withrow,* 421 U.S. at 54 & n. 20). *See also City of Huber Heights v. Liakos*, 145 Ohio App. 3d 35, 46 (2001) (drawing a distinction between the permitted practice of reposing both investigative and administrative authority in an institution and the prohibited practice of permitting a single individual to perform both tasks; and noting that the combination of investigative and adjudicative functions vested by a city ordinance in the city manager is a form of unbridled discretion); and *Elliot v. SEC*, 36 F.3d 86, 87 (11th Cir. 1994) (Under the Administrative Procedures Act, an "agency may combine investigative, adversarial, and adjudicative functions, as long as no employees serve in dual roles.").

the administrative trier of fact was the same body that was both the victim of appellant's statements and the prosecutor that brought the charges aimed at securing his dismissal); and *In re Murchison*, 349 U.S. 133, 137 (1955) (a judge who is part of the accusatory process "cannot be, in the very nature of things, wholly disinterested in the conviction or acquittal of those accused.").

In this case, in contrast to *Withrow,* the issue is not one of mere investigation and adjudication within the same agency. Here, prior to deciding to suspend Martinez for fourteen months (which resulted in sixteen months without pay and benefits), Glasper had taken an adversarial position with respect to Martinez, recommending Martinez's termination to the Governing Board. Through MCCCD's attorneys, Glasper then prosecuted the case against Martinez before the Hearing Committee, which recommended against dismissal. Glasper then suspended Martinez himself rather than allowing the Governing Board to decide the issue, as he could have. [*See* Defendant's Objections ¶¶ 35-37]. In acting as accuser and prosecutor, and then as judge, Glasper violated the requirement of neutrality and Martinez's due process rights. *See e.g., Levine v. City of Alameda*, 525 F.3d. 903, 906 (9th Cir. 2008) (upholding district court's order that a post-termination hearing be held before a neutral third-party, and not persons working for the City with which the appellant had engaged in extensive litigation; and citing *Walker*, 951 F.2d at 184, in noting that "[the Ninth Circuit] has held that for post-termination hearings an impartial decisionmaker is required.").

Defendants attempt to distinguish the *Walker* case from the present case by claiming that *Walker* stands only for the proposition that an attorney who represents a government employer in litigation against a public employee cannot also decide an administrative case against the public employee. [*See* Response at p. 12]. Defendants read *Walker* too narrowly. In determining that the attorney in question could not play a "dual role," *Walker* cited *American General Ins. Co. v. Federal Trade Com.*, 589 F.2d 462 (9th Cir. 1979), a similar case in which the Ninth Circuit explained the legal history of the maxim that the same person cannot be a party and a judge of in the same cause.

*Id.* at 463-464. *American General* did not limit its analysis in the way Defendants argue, and indeed, it would make no sense that the attorney/agent for a public employer cannot play dual roles (partisan and adjudicatory) because it violates due process, but another individual agent (in this case Glasper) can do so.

Defendants also attempt to justify Glasper's actions by claiming that Glasper came to his decision to suspend Martinez because of statements allegedly made to him by the Hearing Committee members. [*See* Response p. 2, lines 17-24 and DSOF ¶¶ 25-26]. Martinez moves the Court to strike this evidence as impermissible hearsay. *See* Fed. R. Evid. 802; *Quanta Indem. Co. v. Amberwood Development Inc*, 2014 WL 1246144 (D. Ariz., March 26, 2014) (*citing Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1121 (E.D.Cal.2006)) ("Because '[v]erdicts cannot rest on inadmissible evidence' and a grant of summary judgment is a determination on the merits of the case, it follows that the moving party's affidavits must be free from hearsay.'"). It bears noting that Glasper mentioned nothing about any conversation with Hearing Committee members in the letter of suspension, instead stating only that the suspension was based upon the written statement of charges, which does not refer to any conversation between Glasper and Hearing Committee members either. [See PSOF ¶¶ 37 and 43].

**B.    Defendants' Argument that Plaintiff May Not Claim on Summary Judgment that Glasper was not an Impartial Decision Maker is Baseless**

In their Response, Defendants also assert that Martinez is "foreclosed" from arguing that Glasper was not an impartial decisionmaker because, they claim, Martinez "never disclosed this argument," presumably in her complaint. However, a complaint "need not pin a plaintiff's claim for relief to a precise legal theory" and need not provide an exposition of the plaintiff's legal argument. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). In this case, nonetheless, Martinez alleged in her Verified Amended Complaint the following facts that bear directly on the argument Defendants now claim she never disclosed:

///

16. Notwithstanding the Hearing Committee's unanimous conclusion that the District failed to satisfy its burden of proof and that Dr. Martinez should be allowed to continue her employment, Chancellor Glasper unilaterally discontinued her employment by suspending Dr. Martinez's employment on March 7, 2014 without pay for fourteen and a half months – from March 1, 2014 to May 15, 2015.

\*\*\*\*\*

30. Chancellor Glasper's rejection of the Hearing Committee's factual findings and unilateral imposition of a fourteen-month, unpaid suspension on Dr. Martinez violates the District's Residential Faculty policies and flatly usurps the Board's ultimate authority to discipline its employees.

\*\*\*\*\*

41. ….Chancellor Glasper…failed to allow Dr. Martinez any opportunity to present evidence refuting the new Statement of Charges before a neutral finder-of-fact.

\*\*\*\*\*

44. Accordingly, Chancellor Glasper's suspension failed to provide Dr. Martinez with any due process at all…

\*\*\*\*\*

70. Dr. Martinez was entitled to either a pre-suspension or post-suspension hearing. (citations omitted.)

\*\*\*\*\*

72. Chancellor Glasper's decision to suspend Dr. Martinez without pay for fourteen and a half months violated Dr. Martinez's constitutional due process rights.

\*\*\*\*\*

74.  The pertinent constitutional standards are long-standing, were clearly established at the time of the suspension, and include:

*****

A right to due process free of bias. (citations omitted.)

[Verified Amended Complaint]

These allegations are sufficient to put Defendants on notice of Martinez's assertion that Defendants violated her due process rights when Glasper, who was not a neutral arbiter, decided to suspend her.

### C. Plaintiff's Section 1983 Arguments are not Duplicative of or Separate from Her Due Process Claims

In their Response, Defendants appear to misunderstand the Section 1983 arguments in Plaintiff's Motion for Summary Judgment. Martinez does not seek to establish separate causes of action against each Defendant under 42 U.S.C. § 1983 apart from her Fourteenth Amendment due process claims against each Defendant. Martinez merely seeks to establish for summary judgment purposes each Defendant's distinct liability for the due process violations in this case, pursuant to Section 1983, and Defendants have made no argument to the contrary.

## II. CONCLUSION

For all of the foregoing reasons, as well as the reasons set forth in Plaintiff's Motion for Summary Judgment, Plaintiff Cleopatria Martinez respectfully requests that the Court grant Plaintiff's Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this 23rd day of May 2017.

ROBAINA & KRESIN PLLC

By /s/ Edmundo P. Robaina
    Edmundo P. Robaina
    Thomas T. Griffin
    Ashley A. Marton

Attorneys for Plaintiff Cleopatria Martinez

- 8 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May 2017, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Pavneet Singh Uppal
Shayna H. Balch
FISHER & PHILLIPS LLP
3200 North Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
puppal@laborlawyers.com
sbalch@laborlawyers.com

Attorneys for Defendants

By      /s/ Gaynell Carpenter